HARROD vs. VOORHIES' ADMINISTRATRIX.

HARROD
vs.
VOORHIES' AD-
MINISTRATRIX.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF AVOYELLES.

An order of seizure and sale is so far a judgment as to authorize an appeal; but it is not a judgment in the true and legal sense of the term.

So, the granting an order of seizure and sale does not prevent the prescription of five or ten years from running against the note and debt on which it is founded.

A deed of mortgage executed before a justice of the peace, will not authorize an order of seizure, as that officer is wholly unauthorized to pass such acts.

This is an action on a promissory note, for eight hundred and ninety-five dollars, dated in June, 1824, and signed by the late Cornelius Voorhies, deceased, and secured by mortgage, executed before a justice of the peace. The plaintiff demanded payment of the widow and administratrix of the deceased, which was refused. There is credit on the note, leaving a balance of four hundred and one dollars and ninety-six cents, yet due.

This mortgage is certified to be recorded in the parish judge's office, by Cornelius Voorhies, who executed it, and who was also at the same time parish judge. The defendant pleaded a general denial, and that the debt had long since been extinguished by payment, and that if the defendant be unable to make proof of payment from the great length of time that has elapsed; then she avers it is extinguished by prescription of five and ten years, which is pleaded.

The evidence shows that on the 4th September, 1825, an order of seizure and sale was granted and issued on this note and mortgage, and some property was seized, and part of the debt paid by the surrender of a slave, which had been included in the pretended mortgage. No further proceedings appear to have been had until since the death of Voorhies. In 1829, suit was instituted for this balance, in the Court of Probates. The administratrix filed her answer in February, 1840, pleading payment and prescription.

There was judgment for the defendant, and the plaintiff appealed.

WESTERN DIST.
*October,* 1840.

·HARROD
*vs.*
VOORHIES' AD-
MINISTRATRIX.

*Hyams,* for the plaintiff, insisted that the demand consisted of a judicial confession and a judgment of the court thereon, and is not liable to prescription. It is true, when the debtor dies the judgment can only be enforced in a particular manner ; and the remedy may resolve itself into an action on the judgment, and that prescription might run in ten years from the time this right of action arose ; to wit, from the time of refusal to admit the claim.

2. But even this view of the case may be going too far, for if a judgment, during the debtor's life is imprescriptible or not subject to the five or ten year's prescription, how can his death affect or alter the right of the creditor, except so far as to change the remedy or mode of enforcing the judgment in the Court of Probates.

*Morphy, J.,* delivered the opinion of the court.

The plaintiff brought suit against the estate of Cornelius Voorhies, for the balance of a note, bearing date the 24th of June, 1824, and filed with his petition, as evidences of his claim, the note itself, and an act of mortgage on a tract of land and a negro, executed before Henry Boyce, a justice of the peace, of the parish of Avoyelles. The defendant pleaded the general issue, payment, and the prescription of five and ten years. The plea of prescription was sustained, and plaintiff appealed.

The record shows that in June, 1825, the plaintiff sued out of the District Court of the sixth judicial district, an order of seizure and sale, and that various fruitless attempts were made, from time to time, to levy the amount of the debt ; when in June, 1826, C. Voorhies sold to the plaintiff the slave mortgaged in part payment of his claim ; thus reducing it to the balance now sued for. From that period, no steps appear to have been taken to enforce the payment of the balance.

The case has been submitted without argument. The appellant has, however, favored us with a long brief ; he contends that the plea of prescription cannot avail the defendant, because in 1826, he (the appellant) obtained on his mort-

Western Dist.
October, 1840.

HARROD
vs.
VOORHIES' AD-
MINISTRATRIX.
gage an order of seizure and sale, and that, under the repeated adjudications of this court, such a decree has been expressly recognized as a judgment; his whole reasoning proceeds on the idea that the plaintiff's title is an absolute judgment, against which he urges that no prescription exists under our laws. The view we have taken of this case makes it unnecessary to inquire into the correctness of the last part of the position assumed by the appellant; to wit, that no prescription runs against a judgment.

This court has frequently held, it is true, that when a judge issues an order of seizure and sale, he renders such a decree as can be appealed from. If executory process is prayed for on an act importing a confession of judgment, the judge must examine and decide whether the instrument unites all the requisites of the law necessary to authorize this summary proceeding. So far it is a judgment, and an appeal must lie from it, as from all other orders of court, that might work an irreparable injury. A judge might, erroneously, make such an order on evidence not warranting the issuing of it. Such, for instance, has been the case in the very

*An order of seizure and sale is so far a judgment as to authorize an appeal; but it is not a judgment in the true and legal sense of the term.*

decree relied on. It was granted in a deed of mortgage, executed before a justice of the peace; an officer wholly unauthorized to pass such acts, except in certain cases, none of which are proved to have existed in the premises. But such a decree is not a judgment in the true and legal sense of the term, and possesses none of its features. It issues without citation to the adverse party; it decides on no issue made up between the parties, nor does it adjudicate, to the party obtaining it, any right in addition to those secured by his notarial contract. If such an order was a real judgment, it would be out of the power of the judge granting it to set it aside; after rendering this decree, he would be divested of all jurisdiction, and it could be reversed only by means of an appeal or a separate action of nullity; whereas, it is every day's practice for the judge issuing such orders to set them aside, on a rule to show cause or an opposition; and in most cases the proceedings are turned into an ordinary suit, in which a final judgment is afterwards rendered. Such a

decree then can be viewed only as giving the aid of the officers of justice, to execute an obligation which, by law, produces the effects of a judgment, in relation to the particular property mortgaged. The recording of it confers on the party no additional right or lien ; and should the property mortgaged be destroyed, the decree would be wholly inoperative and unavailing ; the creditor would be compelled to bring suit on the evidence of his debt, in order to have a judgment. Plaintiff's note and mortgage have not merged in the decree made on them, as they would have done in a contradictory judgment, rendered by a competent court. If they were liable to prescription, surely the order of the district judge, merely granting executory process on them, could not shield them from its operation. We have held, that where the payment of a note is secured by mortgage, the extinguishment of the principal obligation, evidenced by the note, extinguishes, *ipso facto*, the mortgage which is but an accessory, although it imports a confession of judgment. *Louisiana Code*, 3505. 4 *Louisiana Reports*, 326, *Shields* vs. *Brandige*.

It is, therefore, ordered, that the judgment below be affirmed, with costs.

<div style="text-align:right">

WESTERN DIST.
October, 1840.

