## SCOTT v. DUKE.

Where an order of seizure and sale, sued out, under art. 746 of the Code of Practice, on a judgment rendered in another State, was suspended by appeal at the time of the passage of the stat. of 1 June, 1846, repealing so much of that article as authorizes executory process on such a judgment, the proceedings must be dismissed. Laws regulating the form of judicial proceedings relate to the remedy; and where, before a final decision, a new law changes the form, it must take effect at once, unless it expressly declares that the pre-existing form shall continue to be followed in cases then pending.

APPEAL from the District Court of Tensas, *Curry*, J. *Frost* and *Montgomery*, for the plaintiff. *T. N. Peirce, Prentiss* and *Finney*, for the appellants. The judgment of the court was pronounced by

ROST, J.* The plaintiff obtained from the - judge of the district court in and for the parish of Tensas, at chambers, an order of seizure on a judgment alleged to have been rendered in his favor by the Supreme Court of the State of Alabama. This order was granted in December, 1845, under the dispositions of art. 746 of the Code of Practice, and the *Bank of the State of Alabama*, a creditor of the defendant's, appealed from it in December, 1847, alleging various informalities said to be apparent on the face of the record.

That portion of art. 746 of the Code of Practice which authorized executory process on foreign judgments was repealed early in 1846; and the first question which this case involves is, whether we can sustain an order of seizure taken before the repeal of the law, but suspended by appeal. The distinction between laws impairing the obligation of contracts, or of judgments, which the law holds to be contracts, and laws modifying the remedy given by the legislature to enforce the obligation, was fully recognized by Judge Marshall in the case of *Sturges v. Crowninshield*, 4 Wheaton, 200, and has been reasserted by the same tribunal in the case of *Jackson* v. *Lamphire*, 3 Peters, 280, and in the case of *The Charles River Bridge* v. *The Warren Bridge*, 11 Peters, 539. Our predecessors have also recognized it in the cases of *Patin* v. *Préjean*, 7 La. 301, and *The State* v. *Bermudez*, 12 La. 355; and have held that executory proceedings belong to the remedy, 16 La. 256. Laws regulating the form of judicial proceedings are remedial laws; and that form depends upon the law in force at the time the proceedings are instituted, without regard to the law at the time of the occurrence of the facts upon which they are based. It may even vary, and it does actually vary, if before the final decision a new law intervenes which changes the form, unless that law expressly declares that the preexisting form shall continue to be followed in the cases then pending. The mode of execution of a judgment belongs to the future, and consequently the new law must govern. Merlin, Effet Rétroactif, sect. 3, § 8 and 10. These principles were fully recognized by the late Supreme Court in the cases of *Cooper* v. *Hodge et al.* 17 La. 476. *Borgsted & Co.* v. *Nolan et al.* Ibid 593. *Frey et al* v. *Hebenstreit et al.* 1 Rob. 565. *Ludeling* v. *His Creditors*, 4 Mart. N. S. 602. *Dean* v. *Carnahan*, 7 Mart. N. S. 259.

It has been held in Massachusetts that, when a special tribunal is created by

---

*The cases of *Duke* v. *Duke* and *Heard* v. *Duke*, presenting the same facts as this case, similar decisions were made in each of them. R.

SCOTT
*v.*
DUKE.

an act of the legislature, on the repeal of the act without any saving of proceedings commenced and pending before it, its whole power and authority cease, and it cannot proceed to finish what has so commenced. 6 Pickering, 501.

Similar views are entertained by the courts and jurisconsults of France. The french Code de Procédure contained an article providing that it should be executed from and after the 1st of January, 1807, and that all suits instituted after that date should be conducted in conformity with its dispositions. The Council of State being consulted upon the interpretation of that article, decided, that all appeals taken since the 1st of January 1807 came under the new forms, on the ground that appeals were new proceedings subject to the law in force at the time they took place. Sirey, Repert. vol. 7, sec. 2, p. 54.

When the appeal was taken in this case, the law authorizing the executory process had been repealed, and the order of seizure had become inoperative in consequence of that repeal. Forced sales are *stricti juris*, and justice must have the warrant of a law in force at the time they take place, in order to transfer the title of the debtor to the purchaser.

It is therefore ordered that the plaintiff be forever enjoined from proceeding on his order of seizure, and that he pay the costs in both courts. It is further ordered that, his right to proceed *via ordinaria* be reserved.