## No. 314.

THOMAS NAUGHTON *v.* B. H. DINKGRAVE et als.

An order of seizure and sale should not be injoined for insufficiency of the evidence upon which it was rendered.    The remedy is an appeal.    This is undoubtedly so, where a judgment is sought to be revised on that ground.

In this case a devolutive, instead of a suspensive, appeal was taken, and, while the court below had lost jurisdiction of the case by reason of the appeal, the appellant obtained an injunction to restrain the execution of the judgment on the ground of the insufficiency of the proof on which the order of seizure and sale had been rendered.

Whether, or not, the evidence was sufficient, was a question for this court to decide in revising the appeal from the order of seizure and sale, and which the district judge had no right to determine in an injunction proceeding.

The plaintiff had no right to use the remedy of injunction in connection with his devolutive appeal, for the purpose of gaining the advantage of a suspensive appeal.    There is neither law nor precedent for it.

A district judge can not revise his decrees, by an injunction, on the ground of the insufficiency of proof.    A new trial and an action of nullity are the only modes by which he can revise his judgments.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita.    *Ray*, J.    *Stubbs & Cobb*, for plaintiff and appellant. *Morrison & Farmer*, for defendant and appellee.

WYLY, J.    An order of seizure and sale should not be injoined, as in this case, for insufficiency of the evidence upon which it was ren-dered.    The remedy is an appeal.    This is undoubtedly so where a judgment is sought to be revised on that ground.    No one will contend that insufficiency of proof is a good ground to injoin a judgment. Why should it be in regard to an order of seizure and sale ?    The law has not so provided.

Where a judgment has been rendered by default, the defendant has ten days after service of the notice of judgment to take a suspensive appeal, and twelve months for a devolutive one.    Where an order of seizure and sale has been rendered the defendant has likewise ten days after service of the notice thereof to take a suspensive appeal, and twelve months for a devolutive one.

Why should there be some remedy in the latter case that there is not in the former ?

We see no necessity for it.    In both cases the parties whose interests are affected have ample time to take either a suspensive or devolutive

appeal. If they desire the writ of execution arrested pending the appeal, they can have it by giving suitable bond, and such security as the law requires.

Why should the same judge who decided the evidence sufficient, and issued the fiat, grant an injunction and restrain it on the ground that the evidence that he had just pronounced sufficient, is insufficient ?

In the case before us, the plaintiff chose to take a devolutive appeal, although he had ample time to take a suspensive one. While he was appellant, and after the court below had lost jurisdiction of the case by reason of the appeal, he obtained this injunction to restrain the execution of the judgment on the same ground, to wit : the insufficiency of the proof upon which the order of seizure and sale was rendered.

Whether or not the evidence was sufficient was a question for this court to decide in revising the appeal from the order of seizure and sale. It was a question, which, in our opinion, the District Judge had not right to determine in an injunction proceeding. The plaintiff had no right to use the remedy of injunction in connection with his devolutive appeal for the purpose of gaining the advantage of a suspensive appeal.

To get a suspensive appeal the law requires a bond exceeding by one-half the amount of the debt. In coupling an injunction with a devolutive appeal the plaintiff only gave bond for damages, which can not exceed one-fourth the amount of the debt. Thus, by this extraordinary procedure, the plaintiff has succeeded in appealing from the order, and suspending its execution in the meantime, he has gained practically all the advantages of a suspensive appeal, and has incurred only one-fourth the responsibility thereof. Such a practice should not be sanctioned by the court; there is neither law nor precedent for it. If the appellant desires execution suspended, he must take a suspensive appeal, as the law requires. He can not accomplish the object by combining an injunction with a devolutive appeal. The District Judge can not revise his decrees by an injunction on the ground of the insufficiency of proof. A new trial and an action of nullity are the only modes by which he can revise his judgments. This court may do so by appeal.

For the reasons stated, it is therefore ordered that the judgment herein be affirmed with costs.

TALIAFERRO, J., concurring. The plaintiff in this case sued out an injunction to restrain the sheriff from selling, under two orders of seizure and sale, certain property in Monroe belonging to the plaintiff. The ground set up for obtaining this injunction is, that the orders of

seizure and sale were rendered upon insufficient evidence; having been granted without authentic proof of the transfer, by endorsement of the payee, of the notes secured by the mortgage which the defendant was seeking to enforce. A motion was filed to dissolve the injunction on several grounds, to wit:

*First*—That the affidavit does not state the facts, which, according to his belief, render an injunction necessary to protect his rights; nor does the affiant swear that the facts stated in his petition render an injunction necessary.

*Second*—That the bonds given are not made payable to the defendant, as prescribed by law, but are made payable to the clerk.

*Third*—That the only ground for injunction set out in the petition is, that the evidence on which the orders of seizure and sale were granted is insufficient—which can not be ground for injunction, but is matter on which to base an appeal, and the plaintiff has taken devolutive appeals from the orders of seizure and sale, which he has, since the date of his said appeals, herein injoined.

*Fourth*—That the ground of injunction, just stated, is set up in the appeals to the Supreme Court from the aforesaid orders of seizure and sale, and, being thus *lis pendens*, can not be set up again in this injunction.

The motion to dissolve was sustained by the court below, and the injunction was dissolved at plaintiff's costs—the court rendering judgment *in solido* against the plaintiff and his sureties, in favor of the defendant for the sum of six hundred and eighty dollars, one-half thereof as special damages, and the other half as general damages on the amounts injoined. From this judgment the plaintiff has appealed.

The appellee prays that the judgment be amended by granting him twenty per cent. as general damages on the amount injoined, and that, in other respects, the judgment be affirmed.

The ground set up for obtaining the injunction is precisely the same as that on which the appeals were taken. The question arises, was it necessary to the preservation of his rights, or his protection against a wrong, that the plaintiff should resort to the equitable remedy of injunction? He took a devolutive appeal from the order directing the seizure and sale of his property. There is no reason shown why he did not take a suspensive appeal. He was entitled to either a devolutive or a suspensive appeal. But it is argued that the plaintiff has the right to use any or all the remedies conceded by law to a person for the protection of his rights; that in this case he could take a devolutive, instead of a suspensive appeal, if he thought proper; and, if the defendant proceeded to execute the order, he might resort to an injunction to suspend the sale until the matter in controversy should be determined on appeal.

In reasoning upon this question, I look to the rights of all the parties concerned. The creditor, seeking to enforce his claims against his debtor, has rights as well as the debtor. The creditor has the right to have payment of his debts enforced without unreasonable delay. If the debtor has several remedies of defense, it does not follow that he is, in every case, compelled by necessity to resort to them all. If, in a given case, the use of one remedy is amply sufficient to secure the rights of a party, is there reason or equity in permitting him to involve his adversary in needless expense and trouble by using all his remedies? It would be no denial of the right of injunction to say that its exercise has proper limits.

Whilst, therefore, I concede that cases might arise in which a litigant would be justifiable in resorting to injunction in cases like the present, yet I hold that the resort to it should in cases of questionable right be restricted to instances where it it is clearly shown that circumstances rendered it necessary. But it may be said that the sale of the plaintiff's property, under an illegal order, would be a wrong which the law provides him with a remedy to avoid. The law also provides him with the remedy by suspensive appeal to effect the same purpose. That there was any impediment in the way of his exercising that right, I am not authorized to infer from anything in the record.

Without assenting to the reasons given in the opinion of the majority of the court, I concur in the conclusion that the judgment of the lower court should be affirmed.

We think the judgment of the lower court correct. The ground set up for obtaining the injunction is precisely the same as that on which the appeals were taken. All the relief he could obtain by the injunction proceeding was obtainable by appeal. By taking a suspensive, in place of a devolutive appeal, he might have obviated the sale until the appeal was decided. The law discountenances a multiplicity of suits. The case is clearly one of *lis pendens*. The matter of controversy was the same and before the same tribunal—between the same parties and for the same cause of action. Code of Practice, article 335; 1 An. 46; 4 An. 520; 21 An. 639.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

---

LUDELING, C. J., *dissenting*. This is an injunction to prohibit the sheriff from proceeding with the execution of two writs of seizure and sale obtained by Henry Burns against Thomas Naughton.

The ground of injunction is substantially that the note for the debt secured by the mortgage is in favor of J. Frank Pargoud, and it is indorsed by him in blank, *sous seing privé*, and not by authentic act,

and that the order of the judge under which the writs were issued was unauthorized by law and null and void.

A motion was filed to dissolve the injunction, for four reasons :

*First*—Because the affidavit is defective.

*Second*—Because the bond is defective.

*Third*—Because of *lis pendens,* an appeal from the order having been taken to this court.

*Fourth*—Because the only ground for injunction alleged is, that the evidence on which the orders of seizure and sale were granted is insufficient, '' which can not be ground for injunction, but is a matter on which to base an appeal, and the plaintiff has taken a devolutive appeal before suing out this injunction.''

The first two grounds in the motion are not good, if, notwithstanding the defective bond and affidavit, it appears that the plaintiff would be entitled to a new injunction.

The plea of *lis pendens* is also unfounded. C. P. 335. In order that the plea should be good, it should appear that the suit is between the same parties for the same object, growing out of the same cause of action, and before another court of concurrent jurisdiction. If it be true, as contended for by the defendant, that the suit in this court involves the same issues and between the same parties as those in this case, it would seem to be an additional reason to authorize the injunction.

In Johnston *v.* Hickey this court said: '' In this case the plaintiff obtained an injunction against an order of seizure and sale, which was about to issue against his property at the instance of the defendant. The petition for the injunction has reference to a suit pending between these parties in relation to part of the same contract on which the order of seizure is claimed in the present case, and reference is made to the answer in that suit to ascertain some of the facts relied on to obtain the injunction in the present, etc. * * * For the purpose of deciding on a motion to dissolve an injunction, the facts alleged in the petition on which it is obtained are taken as true, but afterwards may be controverted in an answer on the merits, if such motion does not prevail. We are of opinion that the facts in the present case ought to have been considered by the court below as sufficient to sustain the injunction until the cause could be heard and determined on its merits.'' 4 La. 285. In that case it had been urged that '' no injunction can issue to restrain executory process, unless for one of the reasons assigned in C. P., Arts. 738, 739.'' But this court thought otherwise then.

And this brings me to the consideration of the last, and, as it seems, the chief reason for refusing the injunction, to wit: that having taken a devolutive appeal from the order of seizure, the want of authentic evidence to authorize the *fiat* is no ground for an injunction.

Naughton v. Drinkgrave et als.

It has been argued that the question presented by the allegations of the petition for injunction is, whether or not the insufficiency of evi-- dence to authorize a judgment can be made a cause for an injunction. In my judgment that is not the question. The question is one of power or authority in the judge to act at all. The judge has no authority to grant an order for executory process on any other than authentic evidence. 7 M. 239, Day *v.* Fristoe; 1 An. 323; 4 An. 152;. 5 An. 124, Yates *v.* Phipps; 10 M. 223; 3 N. S. 315; 7 N. S. 515; 12 R. 238; 2 An. 491; 1 R. 407. If, therefore, he act without authority, his. act is a nullity, from which no civil effects or rights can arise. "When the creditor is in possession of such an act, he may proceed against the debtor or his heirs, by causing the property subject to the privi- lege or mortgage to be seized and sold on a simple petition, and with-- out previous citation of the debtor," etc. C. P. 734.

The decree ordering a seizure and sale is so far a judgment that an appeal will lie from it; but it is not a judgment in the true legal sense of the term, and possesses none of its features. It issues without cita-- tion; it decides on no issue; nor does it adjudicate to the party obtaining it any right in addition to those secured in his notarial act. 16 La. 254; 3 An. 253. If the judge had inadvertently granted an order of seizure and sale on an act under private signature, or a judg- ment in chambers on an ordinary confession of judgment, I imagine no one would affirm that such an order or judgment was not an utter nullity. In my judgment the case at bar is not materially different.

The rule that an injunction will not be granted to arrest a *fi. fa.* for- causes existing anterior to the judgment does not apply to orders of seizure and sale, and this has been recognized by this court in numer- ous cases. In Chambliss *v.* Atchison, 2 An., an order of seizure and sale was injoined, and a motion was made to dissolve the injunction. This court said: "Among the specific grounds relied on in argument by the counsel for Atchison, in support of the judgment appealed from, so far as it perpetuates the injunction, the following are deemed mate- rial:

"*First*—Chambliss could not legally obtain an order of seizure on the outstanding notes of Niebert, the stipulation of the defendant to pay those notes only conferring upon him an equitable action to enforce payment.

"*Second*—The power of attorney to Lacoste, which is one of the doc- uments on which the order of seizure issued, is a private statute. Act 8.

"*Third*—The certificates and affidavit of the justice to prove demand from the original debtor are private acts, not under seal as required by the statute of Mississippi.

"*Fourth*—The copies of the statutes of Mississippi, adduced to shcw

the capacity of justices of the peace to act as notaries and to prove the rate of interest on the notes, are not authentic in the meaning of Arts. 732 and 733 of the Code of Practice.

"*Fifth*—The identity of the notes is not shown. They were not paraphed by the notary. The mortgage to Niebert describes those that were given as drawn in favor of Bass, and his name is not on those which the plaintiff has produced."

The facts assumed in these grounds are apparent on the face of the record, and force upon us the conclusion that the order was granted upon evidence not authentic.

It is contended that none of those grounds but the first were set forth in the petition praying for the injunction, and that the others can not be noticed here. The authorities relied upon in support of that position do not, in our opinion, establish it. "When executory process is prayed for on an act said to import a confession of judgment, the judge must examine and decide whether the instrument unites all the requisites of the law necessary to authorize this summary proceeding; so far it is a judgment, and an appeal lies from it, as from all other orders of court that might work an irreparable injury." And the court perpetuated the injunction. 2 An. 491; 3 An. 150; 10 R. 70.

Did the fact that Naughton had taken a devolutive appeal deprive him of the right to injoin the sale attempted to be made under an illegal order? I am aware of no law which would deprive him of this right, and I can imagine no good reason for it. It is said he might have suspended the effect of the order by taking a suspensive appeal. Supposing he could not take a suspensive appeal, for the want of a security willing to sign such a bond—an hypothesis by no means improbable—is this court to deprive him of another remedy afforded him by law to protect his property from an illegal seizure and sale? I think not.

But the law gave him the right to take a suspensive or devolutive appeal. He chose the latter—no doubt believing that it was enough to call the attention of the parties to the fatal defect in their proceedings to stop it. But the defendant chose to try to enforce his illegal order, nothwithstanding the appeal, and I am at a loss to imagine why the plaintiff should not be permitted to avert the wrong attempted to be inflicted upon him by injoining the illegal writs.

This court decided recently on the appeal taken from the order of seizure, under which the writs injoined in this case issued, that the order of seizure and sale was wrongfully issued; that the ground of plaintiff's injunction was good, and yet he is mulct in twenty per cent. damages for seeking to avert a wrong—for trying to prevent trespass upon his property.

For the foregoing reasons I dissent from the opinion of the court.

ON REHEARING.

TALIAFERRO, J.  A rehearing was granted in this case only on the subject of damages.  A review of the case in regard to that question induces us to think that general damages alone should be allowed.

It is accordingly now ordered that the judgment of the lower court, so far as it condemns the plaintiff in injunction and his sureties *in solido* to pay the defendant three hundred and forty dollars as special damages, be annulled and set aside; and that in all other respects the judgment be affirmed, the defendant in injunction paying costs of this appeal.

The Chief Justice adhering to the views expressed in his dissenting opinion in this case.