## No. 8758.

### Madison Carroll et al. vs. C. Chaffe, Jr., Syndic.

One claiming to be the lessee of real estate, ordered to be seized and sold, has no standing in court to arrest the sale and annul the order for executory proceedings. It will be time enough for him to set up his lease, if the same was duly recorded previous to the registry of the act of mortgage declared upon, when the property will have been sold and the adjudicatee will seek to evict or eject him.

An injunction does not lie to test questions pending on an appeal from the judgment in the case in which the judgment is enjoined.

A vendee and mortgagee, when sued on his note for the price, cannot champion the rights, if any, of parties to whom he alleges that the payee has transferred it. On payment of the note sued on, he will exonerate himself from liability, and will be entitled to have the mortgage inscription securing the note cancelled from the mortgage register.

An intervention or third opposition by one who has obtained an order of seizure and sale to pay a note secured by vendor's privilege and mortgage, is a conservatory measure, which does not change the character of the proceedings from executory into ordinary.

Damages are allowable for a frivolous appeal from a judgment dissolving an injunction without prejudice to the rights of appellee for other damages by action on the injunction bond.

APPEAL from the Tenth District Court, Parish of Red River. *Logan*, J.

*L. B. Watkins* for Plaintiffs and Appellants :

1. The lessee of mortgaged property, like any other third possessor, has a right to require one proceeding to dispossess him, under executory proceedings, to exhibit a notarial title to the mortgage note, notwithstanding the act of mortgage contains the non-alienation clause.
2. The remedy by appeal is not exclusive. The action of nullity in a judicial proceeding

may often be asserted by injunction as well. The injunction is the only remedy when some of the matters complained of as rendering the proceedings null are *dehors* the proceedings themselves.

"When a court is called upon to enforce a right, it may avail itself of its jurisdiction over the person to do justice relative to a subject matter beyond its jurisdiction," etc.  McDowell vs. Read, 3 An. 391.

The order of seizure and sale is so far a judgment that an appeal will lie from it; but it is not a judgment in the true legal sense of the term, etc.  Hen Dig., page 651, No. 1.

"On an appeal from an order of seizure and sale, the only question is whether there was sufficient evidence to authorize the *fiat*."  Dodd vs. Crain, 6 R. 58; Cumming vs. Archinard, 1 An. 279.

"In the absence of all proof of fraud or ill-practice on plaintiff's part, his judgment cannot be annulled because rendered on insufficient evidence."  Taliaferro vs. Steel, 14 An. 656; C. P. 605 607.

"The action of nullity lies against a judgment obtained on false documents, though not forged, and though the party using them were innocent of any evil intention."  Beauchamp vs. McMeken, 7 N. S. 606; Hen. Dig. page 744.

"A judgment, which it is against good conscience to maintain, will be controlled by those equitable principles which exist, and may be enforced independently of the textual provision of the Code."  C. P. 615; Ferrier vs. Ferrier, 9 An. 428.

"The cases of ill practice, specified in C. P, 607, are an illustration, and not exclusive of other cases."  Lacoste vs. Robert, 11 An. 33.

3.  This injunction is not based upon the insufficiency of the evidence adduced before the judge who granted the *fiat*, but upon the ground that the true facts of the case were not produced to nor acted upon by the judge.

Further, that the syndic had, on the 17th of November, 1881, intervened in a pending suit, and asserted the self-same mortgage *via ordinaria*; and that he could not thereafter legally obtain an order of sale *via executiva*.

These were all matters *dehors* the proofs and proceedings presented to the Judge; and had he known them at that time he should have refused the order.

Such was not the case in Naughton vs. Dinkgrave, 25 An. 538, and City of Shreveport vs. Flournoy, 26 An. 709.

The question presented is not whether the Judge acted properly in granting the order upon the evidence offered, but whether he should, or would, have granted the order on the facts as they existed, and as they are alleged to be in the petition for injunction.  2 An. 491; 3 An. 150; 10 R. 70; 7 M. 239; 1 An. 323; 4 An. 152; 5 An. 124; 10 M. 223; 3 N. S. 315; 7 N. S. 515; 12 R. 238; 2 An. 499; 1 R. 407.

4.  To illustrate the correctness of the petition for injunction, and the incorrectness of the ruling of the court and the position of the syndic's counsel, see the case of Boone & Cockerham, Executors, vs. Carroll, in which same syndic has a final judgment of the same District Court, ordering the same property sold, under the same mortgage, to pay the same debt, and which is now on appeal to this Court by this appellant, M. Carroll.

The largest liberty has been accorded the syndic in the exercise of his writs and interventions, and we submit that the present injunction presents a proper case for his further restraint and correction.

### *M. S. Jones* for Defendant and Appellee :

1.  The lessee of mortgaged property holds his lease subject to a dissolution by judicial sale, which may take place to enforce the mortgage.  Barelli vs. Szymanski, 14 An. 47; 26 An. 618; 25 An. 397.

2.  The objection that there was not sufficient evidence to authorize the order of executory process, cannot be examined on an injunction.  The remedy is by appeal.  City of Shreveport vs. Flournoy, Sheriff, et al., 26 An. 709; Naughton vs. Dinkgrave et als., 25 An. 533; 25 An. 80; 14 An. 656.

3. A devolutive appeal having been taken and perfected from the order of seizure and sale, against which this injunction issued, the District Court was without jurisdiction to grant the same. 25 An. 538; 26 An 709.

4. A District Judge cannot revise his decree, by injunction, on the ground of insufficiency of proof. Whether or not the evidence was sufficient is a question for the Supreme Court alone, in revising the appeal from an order of seizure and sale. 25 An 538.

5. The remedy of injunction cannot be used in connection with a devolutive appeal for the purpose of gaining the advantage of a suspensive appeal. 25 An. 538.

6. Appellee asks for damages, as for frivolous appeal.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an injunction proceeding to arrest and annul an order for executory process, issued to enforce the payment of a note for $5,500, secured by vendor's privilege and special mortgage on the land sold.

On exceptions and on a rule to dissolve, the injunction was quashed and set aside, reserving defendant's rights for damages on the bond.

From the judgment thus rendered this appeal is taken. The plaintiffs are two in number: 1st, the drawer of the note, who is the purchaser of the land; and 2d, one claiming to be the lessee of the property seized.

The record shows that, after the order of seizure and sale had issued, Carroll, the defendant, sought a devolutive appeal from it. We take judicial notice that in case No. 8,757 we have just affirmed that decree.

The syndic of the creditors of the payee of the note sued on in the seizure and sale case, is the defendant in this injunction, which was sued out after the appeal had been granted.

The petition for an injunction substantially alleges:

1. As to the petitioner, Cockerham, that he is the lessee for the year 1882 of the land seized, and that he was not made party to the proceedings.

2. As to the petitioner, Carroll, that the order for executory process was rendered upon insufficient evidence; that the note sued on was endorsed and transferred by the payee thereof to some third person or persons; that it was not since re-acquired by him; that the payee, who has failed, did not surrender or assign said note, or include the same in the schedule of his assets in his individual *cessio bonorum* and assignment made to his creditors; that the plaintiff in the case, suing as syndic of the creditors of the payee, has no title to the note and was without authority to obtain the order for executory process; that said plaintiff, after said note had been endorsed by the payee, has attempted to erase the signature of the payee thereto, with a view to deprive him, Carroll, of his just defense there against; finally, that the plaintiff in said suit, after the order of seizure and sale had been

made, has intervened in a certain still pending suit, and has thereby converted the executory into ordinary proceedings.

The defendant in injunction sought its dissolution by exception and rule, pleading want of interest and no cause of action in Cockerham, the alleged lessee, and *lis pendens* and no cause of action in Carroll.

The lower court properly ruled that Cockerham had no standing. He is, on his own showing, a mere lessee. He is in a worse possession than a third possessor. He has no right to arrest the sale and ask the nullity of the order for executory process. If he has a valid lease to the property, which was duly recorded previous to the registry of the act of sale and mortgage declared upon, it will be time enough for him to set it up and claim protection under it when the property will have been sold and possession will be asked of him by the adjudicatee, seeking to evict or eject him. Until then he has no right to interfere in those proceedings. 14 An. 47; 25 An. 397; 26 An. 618.

The plea of *lis pendens* as against Carroll is sustained by the evidence.

The judgment rendered on the appeal taken from the order of seizure and sale shows that the District Judge had sufficient evidence before him to justify his *fiat*. An injunction, besides, does not lie to test questions pending on an appeal in the case the judgment in which is enjoined. 25 An. 80, 538; 26 An. 709; 14 An. 656.

Carroll has no authority to stand in court to champion the rights, if any, of the third person or persons to whom he alleges that the payee has transferred the note sued on in the executory proceedings. If that note belong to any such person or persons, the law allows them to set up their title to the same in the proper form. The plaintiff shows a *prima facie* title to it. A payment to him, by Carroll, will exonerate him to all ends and purposes, and justify the cancellation of the mortgage inscription against the property purchased by him. Zapata vs. Cifreo, 26 An. 87.

Whether the note was or not ever endorsed by the payee, whether the plaintiff has or not erased such signature, if given by the payee, is of no moment. Even if the note had been endorsed and the signature cancelled, as alleged, that would be no ground which the drawer can urge to arrest the sale and annul the order of seizure and sale.

Carroll has not even intimated what the just defenses are, which he says he has, against those third persons.

The intervention or third opposition of the syndic in the case stated was a conservatory measure, necessary or proper to secure the claim, privilege and mortgage, asserted in the executory proceedings which were made the foundation of the intervention. It was not designed

to change, and did not alter, the character of those proceedings which has remained unaffected in every respected.

The defendant and appellee has prayed for damages for a frivolous appeal. We think the plaintiffs should be accordingly mulcted.

The District Judge has correctly reserved the rights of the defendant and appellee to claim damages, on account of the wrongful issuance of the injunction, from the plaintiffs and sureties on the bond. Such could not be allowed in this case.

There is no error in the findings of the lower court.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed with five per cent. damages *in solido* against the plaintiffs on the amount in capital of the note sued upon in the executory proceedings enjoined, together with costs in both Courts.