The opinion of the court was delivered by
Fenner, J.
The plaintiff in the first case, as holder of mortgage notes of W. H. Anderson, deceased, took out executory proceedings thereon against defendant, his widow and sole universal legatee, and obtained an order of seizure and sale of the mortgaged property.
Thereupon the defendant instituted the second suit to restrain by injunction the sale of the property.
Art. 739, Code of Practice, provides: “ The debtor can only arrest (by injunction) the sale of the thing thus seized by alleging some of the following reasons, to-wib:” and it proceeds to enumerate specifically eight grounds.
It is admitted that the petition for injunction in this case alleges not one of these grounds, and indeed the party admits that her injunction is not based on Art. 739, but on Art. 296 of the Oode of Practice, which is the general article declaring that “injunction or prohibition is a mandate obtained from'a court by a plaintiff, prohibiting one from doing an act which he contends may be injurious to him or impair a right which he claims.” This is a mere definition of injunction, and it is impossible that it should derogate from the *1135 prohibition contained in Art. 739, which confines the power of arresting the execution of orders of seizure and sale by injunction to the specific cases therein enumerated, and, by clear implication, prohibits that remedy in any other case.
The contention that Art. 739 only applies to “the debtor,” and that the defendant here is not the “ debtor,” is without force. Mrs. Anderson is the legal representative of the debtor, stands in his shoes, and can have no rights except his rights.
Equally meritless is the contention that the article only applies to injunctions without bond. The language applies to all injunctions, and denies that remedy, except in the specified eases, and the fact that in subsequent articles bond is dispensed with in those cases, does not authorize injunctions in other cases, even with bond.
The particular ground upon which the injunction is rested is that the order of seizure and sale issued without production of the complete authentic evidence required by law. It has been repeatedly and distinctly held that this affords no ground for injunction in any case, but that the remedy is by appeal. Durae vs. Ferrari, 25 An. 80; Shreveport vs. Flournoy, 26 An. 709.
The plea that defendant should be granted relief by injunction because she was unable to furnish a suspensive appeal bond is surely untenable. If recognized, the remedy of suspensive appeal would be substituted in many cases by injunctions. It should seem that the fact that the law only allows an appeal to suspend execution of a judgment when the ample bond required in such cases is furnished would be the strongest argument against allowing the same purpose to be accomplished by an injunction issued on a comparatively insignificant bond.
Judgment affirmed.