(51 South. 207.)

No. 17,646.

HACKEMULLER v. FIGUEROA.

(Jan. 17, 1910.)

*(Syllabus by the Court.)*

1. MORTGAGES (§ 380*)—SEIZURE AND SALE—VIA EXECUTIVA—VARIANCE.

Where there is a discrepancy between the note and the authentic act relied on in the obtention of an order of seizure and sale, the creditor cannot proceed via executiva.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1154; Dec. Dig. § 380.*]

2. MORTGAGES (§ 413*) — FORECLOSURE — RESTRAINING FORECLOSURE.

Though an appeal from an order of seizure and sale may, in a particular case, be an adequate remedy, the seized debtor has also a remedy by injunction; and he may obtain such writ on grounds other than those specified in Code Prac. art. 739, provided he furnish bond and otherwise comply with the law regulating the issuance of the writ of injunction.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1193; Dec. Dig. § 413.*]

Appeal from Civil District Court, Parish of Orleans; Fred. D. King, Judge.

Action by Albert Hackemuller against William Figueroa. Judgment for defendant, and plaintiff appeals. Affirmed.

Anthony J. Rossi and B. R. Forman, for appellant. Charles Louque, for appellee.

## Statement of the Case.

MONROE, J. Plaintiff obtained executory process upon a promissory note for $2,100, signed by Jas. M. Conner, dated November 4, 1903, payable in one year, and alleged to be secured by a mortgage importing confession of judgment, granted by Conner and assumed by the defendant, Figueroa. From the recitals of the acts of sale and mortgage relied on, and which are made part of the petition, it appears that Figueroa sold certain property to Conner, who, in part payment of the price, gave a note of $2,100, dated October 21, 1903, and payable in one year; that he granted a mortgage to secure payment of the same; and that, shortly afterwards, Conner resold the property to Figueroa, who, in part payment of the price, assumed the mortgage which had been so granted. When the writ of seizure and sale was issued herein, Figueroa applied for an injunction, on the ground that the act of mortgage relied on by plaintiff purports to secure a note dated October 21, 1903, and does not purport to secure or confess judgment on the note sued on, and the writ issued, on his giving bond in an amount fixed by the court, and after hearing was maintained. From the judgment to that effect plaintiff (defendant in injunction) has appealed.

## Opinion.

We find no error in the judgment appealed from. Under Code Prac. arts. 738, 739, 740, a writ of seizure and sale can be enjoined, without giving bond, only for the causes specified in article 739. But, where there are grounds for injunction under other provisions of the Code of Practice, such writ may be enjoined upon the applicant giving bond. Code Prac. arts. 303, 304, 749, 750; Taft v. Donnes, 105 La. 699, 30 South. 112. In Ricks v. Bernstein, 19 La. Ann. 141, it appeared that there was a discrepancy between the note sued on and the one described in the act upon which the order of seizure and sale was granted, in this: That the former bore interest from date, whilst the latter bore interest from maturity—and it was held that the seizure was properly enjoined; Mr. Justice Ilsley, as the organ of the court, saying:

"It is probable that there was an error in the drawing of the note; but, in a proceeding via executiva, nothing can be left to conjecture. 1 Hen. Dig. p. 646, § 1. Every fact must be patent upon the face of the papers, and, if there is any matter in pais, some other proceeding than one via executiva must be resorted to, to prove it. In the present case, there is a want of identity between the note annexed to the petition and that described in the authentic act, and the judge erred in granting the order."·

See, also, Taylor & Husband v. Boedicker et al., 21 La. Ann. 171; Burns v. Naughton, 24 La. Ann. 476; Miller, Lyon & Co. v. Cappel & Curry, 36 La. Ann. 264; Van Raalte v. Congregation, 39 La. Ann. 618, 2 South. 190.

It is true that the defendant in the seizure might have appealed, the facts relied on being patent on the face of the record; but that an order of seizure and sale "is not a judgment, in the true and legal sense of the term, and possesses none of its features," has long since been recognized by this court (Harrod v. Voorhies' Adm'x, 16 La. 254), and that an appeal is not the only remedy is evident, since the law provides the remedy by injunction (Code Prac. arts. 303, 304, 740, 741, 742, 749, 750; Calhoun v. Bank, 30 La. Ann. 780).

Judgment affirmed.