O’NIELL, C. J.
 

 Caleb C. Weber brought executory proceedings against Nicholas A. Dawson to collect $6,975.46, with the interest and attorney’s fee stipulated in the act of mortgage on which the foreclosure proceedings were founded. Dawson applied for a writ of injunction without bond, to prevent the collection of an item of $859.68, which he alleged he had paid and had not received proper credit for; and, at the same time, he prayed for a rule on Weber to show cause why a writ of injunction should not issue to prevent the collection of four other items, amounting to $320.46, which he denied owing. The district judge refused to issue either the writ of injunction or a rule to show cause. Dawson thereupon obtained from this court a writ of certiorari to bring up the record, and a rule on the judge and on Weber to show cause why the judge should not be compelled by mandamus to grant the relief prayed for.
 

 The answer filed by the judge and the respondent, Weber, with the record which was sent up in obedience to the writ of certiorari, shows that the judge did not err in refusing to grant either a writ of injunction or a rule to show cause why {he injunction should not be granted. The executory proceedings are founded upon an authentic act of subrogation, by which the Federal Land Bank, of New Orleans, transferred to Weber certain
 
 *216
 
 amortization installments due on a mortgage note for $25,000, which Dawson had given the bank. Included in the act of transfer and subrogation were claims for taxes and insurance premiums which the bank had paid on the mortgaged property, and which were secured by the mortgage which Dawson had given to the bank. I’here were also included in the transfer and subrogation made by the bank to Weber court costs amounting to $120.46 and an attorney's fee of $200, making the total of $320.46, incurred,in a previous foreclosure proceeding brought by the bank, to collect the note of $25,000, due by Dawson. It appears that, a few days before the day on which the mortgaged property was to be sold in the executory proceedings brought by the bank, Weber, having an interest in paying the past-due portion of the debt and becoming subrogated to the bank’s claim therefor, paid all that was then past due, amounting to $6,975.46, including the $200 attorney’s fee and the $120.46 costs of the foreclosure proceedings, and took a conventional subrogation to the bank’s mortgage, to that extent, but subordinate to the bank’s mortgage securing the balance which Dawson then owed the bank. The bánk then discontinued its executory proceeding. Thereafter, when Weber brought executory proceedings on his claim for $6,975.46, Dawson obtained an order of appeal from the order of seizure and sale, claiming that the order of seizure and sale was not founded upon sufficient authentic evidence: and he gave bond for a devolutive appeal; but, instead of bringing up the transcript on or before the return day fixed by the court, he abandoned the appeal and asked for an injunction on the ground that there was not sufficient authentic evidence to justify the order of seizure and sale. In his petition for an injunction, Dawson denied that there was any obligation on his part to pay the items of costs, amounting to $120.46, or the $200
 
 attorney’s
 
 fee. The district judge issued a rule on Weber to show cause why the writ of injunction should not issue; and,'in answer to the rule, AYeber insisted that there was sufficient authentic evidence to sustain the order of seizure and sale, and averred that Dawson had consented to his (Weber’s) paying the past-due portion of the bank’s claim, including the $200 attorney’s fee and the $120.46 court costs, and becoming subrogated thereto. After trial of the rule to show cause, the judge refused to grant an injunction. Dawson then applied to this court for writs of certiorari and mandamus to compel the district judge to grant an injunction, complaining principally of the want of sufficient authentic evidence to justify the order of seizure and sale. After due consideration of Dawson’s petition, this court refused to issue a writ of certiorari, or mandamus, and gave the reason: “The remedy was by appeal.” See Weber v. Dawson, In re Dawson applying for Writs of Certiorari and Mandamus (No. 30,-995)
 
 [1]
 
 . Thereafter, Dawson’s attorney, in his own behalf, claiming to hold a junior mortgage on the property, filed a petition for an injunction on the same grounds on which Dawson had based his petition in the suit No. 30995 of the docket of this court. The district judge issued a restraining order, stopping the sale of the property, and issued a rule on Weber to show cause why a writ of injunction should not be granted in favor of Dawson’s attorney, in his own behalf. After trial of the rule, the judge recalled the restraining order and refused to issue a writ of injunction. Dawson’s attorney did not, in his own behalf, apply to this court for the exercise of its supervisory jurisdiction; but, as attorney for Dawson, he filed the third petition for an injunction, which he is now ask
 
 *218
 
 ing this court to compel the district judge to grant.
 

 The only complaint now made which has not been disposed of is the allegation that $859.68, which Dawson paid to the Federal Land Bank before the bank transferred the past-due part of its claim to Weber, should have been credited on one of the amortization installments which Weber is now seeking to collect. The record discloses — and it was disclosed in the executory proceedings — that the payment of $859.68 was credited according to a stipulation in the act of mortgage that a partial payment should not reduce the amount of the installments thereafter due, as fixed in the act of mortgage, but would be held to satisfy the loan at an earlier date by reducing the percentage of subsequent payments applicable to interest and increasing the percentage applicable to principal. Accordingly, the partial payment of $859.68 was applied to the principal, and thereby the percentage of subsequent payments applicable to interest was reduced and the percentage applicable to principal was increased, so as to make the loan payable in a shorter time than Dawson was allowed originally. He has no cause for complaint in that respect.
 

 The complaint about the $200 attorney’s fee and $120.46 costs was disposed of in the first suit for an injunction, in which this court refused to interfere, in the suit No. 30995 of the docket of this court. We assume that Weber, as defendant in the first rule to show cause why an injunction should not issue, proved his allegation that Dawson had consented to the transfer and subrogation by the Federal Land Bank to Weber. The effect of that transaction was to stop the bank’s foreclosure for an amount much larger than Weber paid. Dawson owed the costs which the bank had incurred in that proceeding, and owed an attorney’s fee very much larger than the fee which the bank accepted from Weber. It is sufficient, however, to say that Dawson’s complaint in that respect was disposed of finally in his first suit for an injunction.
 

 The brief filed in behalf of Dawson is devoted principally to the argument that this court was wrong in saying, in the suit No. 30995 of the docket of this court: “The remedy was by appeal.” The ruling was based upon the rulings in the following cases, maintaining that a defendant in executory proceedings has no right to an injunction on the ground that there is not Sufficient authentic: evidence to justify the order of seizure and sale — his only remedy being an appeal from the order of seizure and sale — viz.: Durac v. Ferrari, 25 La. Ann. 80; Naughton v. Dinkgrave, 25 La. Ann. 538; City of Shreveport v. Flournoy, Sheriff et al., 26 La. Ann. 709; Linn v. Dee, 31 La. Ann. 219; Wood & Roane v. Wood, 32 La. Ann. 801; Montejo v. Gordy, Sheriff et al., 33 La. Ann. 1115; Latiolais v. Citizens’ Bank, 3 La. Ann. 1453; Carroll v. Chaffe, 35 La. Ann. 86; Chaffe v. Du Bose, 36 La. Ann. 257; Dupre v. Anderson, 45 La. Ann. 1134, 13 So. 743; Buck v. Massie, 109 La. 782, 33 So. 767; State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1099, 36 So. 864; Richardson v. McDonald, 139 La. 651, 71 So. 934; Franek v. Brewster, 141 La. 1044, 76 So. 187.
 

 The district judge was not obliged to issue a rule to show cause why a writ of injunction should not be granted in this case. The statute regulating the procedure in such cases, Act No. 29 of 1924, does not require the district judge to issue a rule on the defendant to show cause why an injunction should not issue, in a case where the record itself, before the district judge, shows that an injunction should not issue.
 

 
 *220
 
 The relief prayed for by the relator is denied, and his petition for writs of mandamus and prohibition is dismissed at his cost.
 

 [1]
 

 No opinion, filed.