64 So.2d 417

GENERAL MOTORS ACCEPTANCE CORP.
v. ANZELMO.

No. 41136.

March 23, 1953.

Salvador Anzelmo and Paul J. Thriffiley, Jr., New Orleans, for relator.

Tucker & Schonekas, New Orleans, for respondent.

FOURNET, Chief Justice.

We issued certiorari and alternative writs of prohibition and mandamus in this case to review the judgment of the lower court denying the defendant's application for injunction to halt the sale of his Pontiac sedan, claimed to have been illegally seized by the plaintiff, General Motors Acceptance Corporation, under executory process on a promissory note representing the unpaid balance on the purchase price of the car, executed by the defendant, Joseph Anzelmo, on April 12, 1952, identified with and secured by a chattel mortgage of the same date under act by private signature, duly acknowledged—and while the trial judge ruled that Act No. 441 of 1952, LSA–R.S. 9:5363 (specifically granting to creditors the right of executory process when their rights arise under the terms of acts under private signature, duly acknowledged) was applicable in this case, he held that the defendant's remedy for his complaint that the mortgage was not in proper authentic form to support a suit by executory process was by appeal from the order of seizure and sale, on authority of Coreil v. Vidrine, 188 La. 343, 177 So. 233.

The relator (defendant below) makes no contention that the ruling of the trial judge on the latter point is not supported by jurisprudence of this Court, but claims that petition for injunctive relief was the only means available to him to attack the constitutionality of Act No. 441 of 1952 in so far as it is deemed to be applicable to his mortgage, confected four months prior to the effective date of the Act. The respondent denies the truth of this assertion, citing a number of cases in which pleas of unconstitutionality have been made for the first time in the appellate court.

In the case on which the trial judge based his ruling, Coreil v. Vidrine, supra, the plaintiff obtained an order of executory process on an authentic act of mortgage and the note secured thereby, whereupon the defendant, pleading prescription, filed an opposition and sought an injunction, which issued upon his showing that the unacknowledged, unsigned notices on the back of the note, purporting to represent payments made within the prescriptive period, could not be considered by the court to maintain the order of seizure and sale because they were unauthentic. The Court of Appeal annulled the judgment of the trial court and rendered judgment for plaintiff. Certiorari having issued, the writ was recalled and vacated, this Court stating: "It appears that the law is well settled that lack of authentic evidence to support an order of foreclosure by executory process must be raised by an appeal from the order of seizure and sale and cannot be raised by a rule nisi for an injunction. [Authorities.] Therefore, what-

ever merit there might be in the defendant's position on this point cannot be considered, because he did not appeal from the order for executory process." 188 La. at pages 349–350, 177 So. at page 235.

A review of the authorities cited as sustaining the proposition reveals that nine cases support the rule there announced, Naughton v. Dinkgrave, 25 La.Ann. 538; City of Shreveport v. Flournoy, 26 La.Ann. 709; Latiolais v. Citizens' Bank of La., 33 La.Ann. 1444; Carroll v. Chaffe, 35 La.Ann. 83; Chaffe v. DuBose, 36 La.Ann. 257; Dupre v. Anderson, 45 La.Ann. 1134, 13 So. 743; Richardson v. McDonald, 139 La. 651, 71 So. 934; Franek v. Brewster, 141 La. 1031, 76 So. 187; Weber v. Dawson, 172 La. 213, 133 So. 751, five are not in point, Wood & Roane v. Wood, 32 La.Ann. 801; Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264; Van Raalte v. Congregation of the Mission, 39 La.Ann. 617, 2 So. 190; Buck v. Massie, 109 La. 776, 33 So. 767; State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 So. 864, and the remaining three contain only dicta in support of the proposition. Durac v. Ferrari, 25 La.Ann. 80; Linn v. Dee, 31 La.Ann. 217; and Montejo v. Gordy, 33 La.Ann. 1113.

However, the Court overlooked a line of contemporaneous jurisprudence wherein an opposite result was reached, holding that an injunction will lie. See Chambliss v. Atchison, 2 La.Ann. 488; Ricks v. Bernstein, 19 La.Ann. 141; Calhoun v. Mechanics' & Traders' Bank, 30 La.Ann. 772;

Hackemuller v. Figueroa, 125 La. 307, 51 So. 207; Bass v. Barthelemy, 134 La. 319, 64 So. 126, and Jones v. Bouanchaud, 158 La. 27, 103 So. 393. In the last-named case, an opinion by the whole Court states: "* * * it may be said that it was formerly the jurisprudence of this court that an executory process could not be arrested by injunction on the ground of insufficiency of the evidence on which the order of seizure and sale issued, that the sole remedy was by appeal. * * * But in Hackemuller v. Figueroa, 125 La. 307, 51 So. 207, where the only question was as to the sufficiency of the evidence on which the order of seizure issued, this court held: 'Though an appeal from an order of seizure and sale may, in a particular case, be an adequate remedy, the seized debtor has also a remedy by injunction; and he may obtain such writ on grounds other than those specified in Code Prac. art. 739, provided he furnish bond and otherwise comply with the law regulating the issuance of the writ of injunction.'" 158 La. at pages 28–29, 103 So. at page 394.

The rationale of the former rule was that it was illogical that the same judge who had pronounced the evidence sufficient to issue his fiat, should grant an injunction to restrain it on the ground that the evidence was insufficient, Naughton v. Dinkgrave, supra; and that alleged inability to furnish a suspensive bond was untenable. "If recognized," said the Court, "the remedy of suspensive appeal would be substituted in

many cases by injunctions. It would seem that the fact that the law only allows an appeal to suspend execution of a judgment when the ample bond required in such cases is furnished would be the strongest argument against allowing the same purpose to be accomplished by an injunction issued on a comparatively insignificant bond." Dupre v. Anderson, 45 La.Ann. 1134, at page 1135, 13 So. 743, at page 744.

However, the reason for the rule no longer exists. Formerly, a rule nisi was not generally required in order to obtain a preliminary injunction, the judge usually acting upon the face of the application and the documents attached thereto; after adoption of the injunction statute, Act No. 29 of 1924, LSA–R.S. 13:4062 et seq., the object of which was to rid the State of the abuse to which the ex parte issuance of the writ of injunction had been subjected for many years, it was held that Act No. 29 of 1924 modified the procedure theretofore existing for the granting of the writ in executory proceedings to the extent that it prohibited the issuance of a preliminary injunction until after a hearing on a rule nisi, "with leave to the court to grant, in the meantime, in proper cases, ex parte, a temporary restraining order, with or without bond, depending upon whether the preliminary injunction demanded may issue with or without bond." See American Nat. Bank v. Bauman, 173 La. 336, at pages 341–342, 137 So. 54 at page 55.

Aside from this, we are impressed with the line of reasoning in the cases recognizing defendant's right to injunctive relief on the ground of lack of sufficient authentic evidence to justify executory process, since these views are more consonant with our conception of the law, which is generally to do justice, and to give individuals a remedy where there is a wrong to be redressed or a right to be vindicated. Obviously, a devolutive appeal affords no adequate remedy; to require the posting of a suspensive appeal bond would (for want of a security willing to sign such a bond) in many cases deprive the defendant of his remedy to protect his property from illegal seizure and sale; and lastly, as has been observed, a party desiring to bring before this court the question of the sufficiency of the evidence on which the order issued, and other questions besides, would be obliged to resort to an appeal for the one and an injunction for the other, resulting in multiplicity. See Calhoun v. Mechanics' & Traders' Bank, 30 La.Ann. 772, at page 780.

In view of these conclusions, and in order that there may no longer be confusion on this question, all cases announcing a contrary rule are overruled, especially Coreil v. Vidrine, 188 La. 343, 177 So. 233, and pertinent cases cited therein.

On the merits, the question presented is the applicability to the instant case of Act No. 441 of 1952, amending and reenacting Section 5363 of Title 9 of the Louisiana

Revised Statutes of 1950, which declares: "All laws and rules and all remedies and processes now or hereafter made available to creditors for the protection or enforcement of their rights under mortgages affecting immovables shall be available to creditors of obligations secured by mortgages affecting movables; *the right of executory process is hereby specifically granted to all creditors on movable property as hereinabove set forth whether their rights shall arise under the terms of authentic act or acts under private signature duly acknowledged.*" The portion in italics indicates the addition made in the 1952 Act.

Executory process can be resorted to, under our law, in two cases only, the pertinent instance being when the creditor's right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor. La. Code Prac. Art. 732. An act is said to import a confession of judgment in matters of mortgage when the obligor appears before a notary and two witnesses and acknowledges the obligation in the act to which the mortgage relates (denominated "authentic" form). Code Prac. Art. 733. Prior to the amendment of LSA–R.S. 9:-5363, which is a codification of the Chattel Mortgage Act in effect at the time of the adoption of the Revised Statutes—Act No. 172 of 1944, executory process was not authorized except in the case where the instrument was in authentic form. In rendering his decision, the trial judge ruled that the statute was remedial and was

therefore applicable to chattel mortgages executed both before and after the effective date of the law.

■■ There is clearly no merit in relator's complaint that the application of the statute impairs the obligations of his contract. His obligations have not in anywise been rendered more burdensome; the defense which he could have asserted was nothing more than an opposition to the mode of procedure. Executory process is a remedy given by the Legislature to enforce obligations represented by a specified class of legal instruments. This was recognized in the early case of Scott v. Duke, 3 La.Ann. 253, wherein it is said: "The distinction between laws impairing the obligations of contracts * * * and laws modifying the remedy given by the legislature to enforce the obligation, was fully recognized by Judge Marshall in the case of Sturges v. Crowinshield, 4 Wheat. [122], 200 [4 L.Ed. 529] * * * Our predecessors have also recognized it * * * and have held that executory proceedings belong to the remedy. * * * Laws regulating the form of judicial proceedings are remedial laws; and that form depends upon the law in force at the time the proceedings are instituted." It is the settled law that remedial statutes and statutes governing procedure will be given retroactive effect in the absence of language showing a contrary intention. See Oil Well Supply Co. v. Red Iron Drilling Co., 210 La. 222, 26 So.2d 726; Paulsen v. Reinecke, 181 La. 917, 160 So. 629, 97 A.L

R. 1184; Scott v. Duke, supra; see, also, Shreveport Long Leaf Lumber Co., Inc., v. Wilson, 195 La. 814, 197 So. 566; and Stallings v. Stallings, 177 La. 488, 148 So. 687.

 The claim that the Act authorizes executory process without a confession of judgment, in violation of the Louisiana Constitution, Article 7, Section 44, is totally unwarranted, there being no language therein from which such a conclusion could be drawn. Nor do we find merit in relator's alternative claim that the confession of judgment signed by him does not fulfill this prerequisite to executory process. An examination of the mortgage instrument under consideration discloses that it was executed by the parties in the presence of two witnesses, one of whom appeared before a notary public and declared that the act was so executed in his presence (such an instrument is prima facie genuine; LSA–R.S. 13:3720); the note bears the notary's paraph identifying it with the mortgage, and the latter instrument, among other stipulations, declares: "The mortgagor does hereby confess judgment in favor of the vendor or any subsequent holder of said note for principal, interest, attorney's fees, and costs; and does hereby declare that if any installment of said note be not paid at maturity * * * the vendor or any future holder of said note may cause * * * the property herein described to be seized and sold under executory or other legal process in any court in the state * * *." This is the free and voluntary agreement of the obligor, signed without claim of duress. His argument loses all force in view of the fact that he confessed judgment in the manner prescribed by law, for the purpose of executory process; the fact that the procedural remedy he himself contracted for was in a form which at that time would not have authorized executory process does not detract from the validity of his confession of judgment.

While the trial judge felt bound by the holding of this Court in Coreil v. Vidrine, supra, he nevertheless properly denied the injunction.

For the reasons assigned, the writ is recalled and vacated.