JANVIER, Judge.
Having supervisory jurisdiction as a result of the amendment of Paragraph 3, Section 29, Article VII of our Constitution, which amendment was effected by Act 561 of 1958, LSA, we directed alternative writs of prohibition and mandamus to the Judge of Section “A” of the First City Court of New Orleans in order that we might review a judgment of that Court in which the defendant had been denied an injunction to arrest the execution under an order of seizure and sale by executory process.
On the petition of plaintiff the said Court had issued an order of seizure and sale, the execution of which the defendant had sought to enjoin primarily on the ground that the notarial act of pledge by which the notes sued on were secured did not import confession of judgment as was required by Code of Practice Article 732, and as now required by Article 2631 of our LSA-Code of Civil Procedure.
Reference to the notarial act shows that that document does not import confession of judgment, but the notes themselves do and they are paraphed by the notary for identification with the authentic act which was passed before him. On behalf of the foreclosing holder of the notes it is contended that that is sufficient and that, since the notes which are identified with the notarial act import the necessary confession, execu-tory process was properly resorted to.
When we first looked at this question our immediate reaction was to the effect that the confession of judgment must be contained in the act itself and that it will not suffice that the note or notes which do import confession be identified with the more important *365 authentic act or act under private signature. Our initial view on this question was considerably bolstered by the decision of the First Circuit Court in LiRocchi v. Keen, La.App., 127 So.2d 47, in which that Court held that executory process might not be resorted to since the authentic act did not show that the notes, which were identified with the act by notarial paraph and were payable by the makers “to the order of ourselves”, had at that time been endorsed in blank by the makers to whom they were made payable.
A reading of the decision clearly indicates the view that in order that executory process may be resorted to all essential statements must be contained in the act itself and may mot be supplied by the production of external evidence. However, the Supreme Court, 134 So.2d 893, 898, granted remedial writs .and on Monday, November 6, 1961, reversed the decision of the First Circuit Court and held that since, in the act, it was stated that the notes were made payable to the “order of Ourselves”, and since it was also stated that the notes were delivered to the “mortgagees .as owners thereof * * * plaintiffs [mortgagees] became the first and only holders and owners in due course”, the holders of the notes might proceed by executory proc■ess even though the act did not show that at the time the notes were executed they were endorsed in blank.
There were two dissents from that decision and it has not become final. However, we do not construe it as holding that an essential requisite to executory process may be supplied by evidence outside the act of mortgage. It is merely a holding that, •under the statements made in that act, it was -unnecessary that it be additionally stated that the notes payable “to the order of Ourselves” were, at that time, endorsed in 'blank.
In that decision the Supreme Court recognized and stated as follows the established rule: “Executory process, under which a creditor is permitted, without citation or ■the usual legal delays, to seize the property •of the debtor in satisfaction of a claim, is a harsh remedy specifically sanctioned by the Constitution, Section 44 of Article VII, and is permitted in only two instances, the one pertinent to the instant case being where it is supported by an act importing a confession of judgment. Article 732 of the Code of Practice. Consequently, there must be strict compliance with the letter of the law governing this severe remedy. * * * Further, it is well settled by authorities that are legion in our jurisprudence that the writ of seizure and sale may issue only upon the presentation to the judge of the note sued on and the act containing the confession of judgment. * * * And where there is a discrepancy between the note sought to be collected and the note described in the mortgage, this discrepancy is fatal to the action. * * * ”
We especially direct attention to the concluding statement that, where there is a discrepancy between the note and the act, this “discrepancy is fatal to the action.” In the matter before us there is obviously such a' discrepancy since, in the act, there is no statement confessing judgment, whereas there is such a statement in the notes. We feel that this is fatal and that the foreclosing plaintiff had no right to proceed by ex-ecutory process since the act itself did not purport a confession of judgment.
In General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417, the Supreme Court refused to enjoin executory process, and, after referring to the note and to the mortgage, said that executory process was proper because in “the latter instrument,” which was the act of mortgage, it was stated that: “The mortgagor does hereby confess judgment in favor of the vendor or any subsequent holder of said note. * s|= ”
Accordingly, the rule is made absolute and the Honorable Anna Judge Veters Levy, Judge of the First City Court of the City of New Orleans, is hereby ordered and directed to issue a preliminary injunction arresting the order of seizure and sale.
Rule made absolute.