Simon, J.
The plaintiffs represent, that they are the legal forced heirs of John Rhodes, deceased, and of his wife Sarah Rhodes, now surviving. That their father’s succession was *64 opened in the parish of East Baton Rouge, and that there are other heirs of the deceased, two of whom are minors, and one of age, all residing in the said parish. They further state, that their father died possessed of certain property, (a tract of land and slaves,) which they describe. That in 1825, their mother, acting as their tutrix, applied by petition to the Court of Probates of the parish of East Feliciana, praying that a family meeting might be convened, for the purpose of authorizing her to mortgage the said property. That a family meeting was convened accordingly, whose deliberations and proceedings were homologated. That in consequence thereof, their mother passed an act of mortgage of the said property in favor of the Union Bank of Louisiana. That in October, 1839, a suit was brought on the act of mortgage against their mother as tutrix, in the District Court of said parish, praying for a judgment against her on the obligation by her executed to the Union Bank, whereon a judgment was obtained in April, 1840, against all of the said property inherited by the petitioners and their co-heirs ; and that executions to enforce said judgment have been recently issued from said court.
The petitioners aver that their mother had no. right to mortgage the said property, and that the act of mortgage and all the proceedings relative thereto, as well as the judgment obtained against the property in the District Court, ought to be declared null and void, on various grounds set forth in their petition, all which go to show the illegality and irregularity of the proceedings had before the Probate Court. Wherefore they pray, that the mortgage and proceedings, and the judgment obtained under the same, may be declared null and void ; that the property may be declared free from the incumbrance; and that an injunction may be issued to restrain the Sheriff and the Bank from proceeding any further in executing said judgment, &c.
The injunction applied for was granted and issued, and the defendants subsequently filed their written motion to dissolve it, on the following grounds:
1st. That the District Court has no jurisdiction to annul the decree of homologation of the family meeting, the same having been rendered by the Court of Probates.
2d. That until said decree of homologation, and the act of *65 mortgage passed in consequence thereof, be annulled by the proper tribunal, the decree and judgment complained of cannot be. attacked, on account of any such pretended nullities as are relied on,
3d. That the decree of homologation of the proceedings of the family meeting, and the judgment of the District Court, cannot be attacked in any court, without making the plaintiffs’ co-heirs, parties to the suit; and those who are minors, through their tutrix.
After the filing of this motion, the plaintiffs obtained leave to file another ground of nullity of the judgment complained of, ta wit, that “ the defendants in said suit could not stand in judgment, nor bind the petitioners by any judgment she might confess or suffer to go against her in said suit.” This supplemental, ground was objected to by the defendants’ counsel, admitted by the court, and a bill of exceptions taken.
The defendants’ motion was sustained by the court, a qua, which dissolved the injunction at the plaintiffs’ cost; and the latter have appealed.
The District Court did not err. The petition on which the injunction was obtained and sued out, does not contain any allegation of nullity against the judgment on which the executions complained of were issued. That action is based solely, on grounds of nullity set up against the decree of the Court of Probates and the proceedings relative thereto, in consequence of which the mortgage on which the judgment was obtained had been executed; and the evidence shows, that said mortgage was executed after a decree of the Court of Probates was rendered, reciting, that “ a family meeting having advised that the natural tutrix of the minor heirs of John Rhodes, deceased, should be authorized to mortgage the real property of the succession, for the purpose of borrowing money to purchase and pay for property for the minor heirs ; and the under-tutor of said minora having concurred in that advice, and agreed that the said deliber at ions'be homologated, said act of deliberations is so homologated and made final as the judgment of the court.”
Now, it is well settled in our jurisprudence, that “where there is a formal decree of the. Court of Probates, recognizing the neceg *66 sity of the sale of property for the payment of .debts, the purchaser is not bound to look beyond said decree, -which has the force and effect of a judgment(11 La. 149 ; 13 Ibid. 434;) and that the nullity of such judgment cannot be sought in a direct action in the District Court. 1 La. 19. 14 Ibid. 146. In the latter case, we recognize the right of the District Court to examine info matters of probate jurisdiction, when brought before it collaterally, and vice versa; but not deeming the nullity of the probate sale to have been brought before the District Court collaterally, but on the contrary, considering it as the basis of the suit itself, we could not sanction a proceeding which had for its object a direct action of nullity. Here, the real and avowed object of the suit is, to avoid, cancel and annul the decree of homologation, in consequence of which the mortgage complained of was executed ; and it is so clear, in our opinion, that so far from being brought before the District Court in a collateral manner, the alleged nullity of the decree and proceedings of the Probate Court is the very foundation of the action, to protect which the injunction was obtained.
The case of Lessassier v. Dashiel, relied on by plaintiffs counsel, (17 La. 198,) is not analogous; and so far as it goes, supports even the defendants’ position. There the question was, whether there was such a final judgment of the Probate Court as would be considered sufficient to protect the defendants against the plaintiff’s action ; and we again recognized the doctrine that when rights have been acquired by third persons, under the faith and protection of the decree of a court of competent jurisdiction, such decree should have its effect until reversed or annulled in a direct proceeding or action. 16 La. 120. Here again the judgment or decree of the Court of Probates, which is the subject of the present action, and which is sought to be annulled arid avoided in the District Court, is a final one; it homologates the previous proceedings ; it is the basis of the mortgage on which the judgment was rendered ; and it is clear that the court, a qua, has no jurisdiction to set it aside. This action should have been brought before the Probate Court.
It has been contended, that the amendment to the original petition, permitted to be filed by the inferior court, alleges a ground of nullity in the judgment of the District Court, per se, and that *67 therefore, it should be sufficient to keep the case there. This amendment was perhaps improperly allowed, as thereby jurisdiction is sought to be given to a court which originally had none j and as a party cannot, by an amendment to his petition, be permitted to change the nature and object of his original action. But be that as it may, the alleged ground of nullity contained in the amendment, was not before the court when the injunction was granted. It is- not sworn to ; it was presented long after the filing of the motion to dissolve the injunction 5 and we are not prepared to say that a party can be allowed, by the mere subsequent filing of an allegation, unsupported even by an oath, to cure the radical defect which existed in his original proceeding, and thereby give effect to an injunction which was originally illegal and wrongfully sued out.

Judgment affirmed.