## A. W. WALKER *v.* J. S. CUCULLU.

The obligation contracted by the vendor, to cause a mortgage resting on the property sold to be erased within a specified time, is a condition precedent to the collection of a note given for the price, and it is not incumbent on the vendee to put the vendor in default by a formal demand on him to erase the mortgage.

The existence of an incumbrance on property sold, for a less amount than an installment of the price which has become due, justifies only the suspension of the payment to the extent of the encumbrance, to which extent the injunction should be limited.

Where previous to the obtaining of an order of seizure and sale for the price secured by mortgage on the property sold, the vendee had commenced an action of *quanti minoris* against the vendor, which if successful would absorb the amount of the executory demand—*Held :* That an injunction against the order of seizure and sale should be perpetuated without prejudice to the eventual rights of the defendant in injunction.

APPEAL from the District Court of the Parish of St. Bernard, *Foulhouze, J. P. A. Ducros, Jr.*, for plaintiff and appellant. *P. Soulé, L. Charvet, Bonford, Singleton & Clack*, and *A. Beatty*, for defendant

BUCHANAN, J. By notarial act dated 28th September, 1857, *Joseph S. Cucullu* sold to *Augustus W. Walker* a plantation and slaves in the parish of St. Bernard, for the sum of $135,000. The price was payable as follows : $25,000 in cash ; $10,000 in two notes of $5,000 each, payable 31st January, 1858 ; $80,000 in six notes of $13,333 35, each payable respectively the 10th December, 1858, 1859, 1860, 1861, 1862, and 1863 ; $20,000 in the assumption of two notes of vendor in favor of and held by *Villavaso*, due 1st February, 1858, and secured by special mortgage on the land sold. Total $135,000.

There was a certificate of mortgages annexed to the act of sale, showing (in addition to the mortgage in favor of *Villavaso* assumed by the vendee,) a mortgage in favor of the four minor children of vendor, to secure a sum of $1,615 65 inherited from their grandmother. The vendor declares that this mortgage had been released for the share of one of his children, and engages himself *to cause the whole mortgage to be entirely erased within twelve months from the date of the sale.*

On the 9th of April, 1859, a writ of seizure and sale was issued from the District Court of St. Bernard, on the petition of the vendor, against the vendee, alleging that there was then unpaid a balance of $4,366 66 on the installment of $13,333 35 which was then matured, being the note payable 10th December, 1858. This petition for seizure and sale was filed in the name of vendor's wife, acting under a power of attorney from her husband, who was alleged to be absent from the State. A certified copy of the power of attorney was annexed to the petition.

*Walker* enjoins the sale of the property seized, on the following grounds :

1st. That the power of attorney from *Cucullu* to his wife does not contain a grant of authority to prosecute *via executiva*.

2. That there is no proof made that *Cucullu* has caused the mortgage in favor of his minor children to be erased, as he bound himself to do.

3. That the order to the Sheriff should have been, to sell for cash only to the extent of what was actually due.

4th. That *Walker* had instituted (previous to the issuing of this writ of seizure

87

and sale,) against *Cucullu*, in the Fourth District Court of New Orleans, (the parish of *Cucullu's* domicil,) an action in diminution of the price of sale in the sum of eleven thousand dollars for redhibitory vices and maladies of slaves sold, and also for misstatement of the ages of the slaves sold ; that this action *quanti minoris* is still pending and undetermined, and it cannot be known, until said action is decided, how much is really due by *Walker to Cucullu*. And the said action is pleaded by way of exception to the executory proceedings. But, should this exception of *lis pendens* be overruled, then petitioner reserves the right of pleading the same matters in defence to the present action.

I. The ground of want of authority in *Mrs. Cucullu* to bring the executory action, is waived in argument in this court.

II. It is admitted, in the answer to the petition for injunction, and in argument, that *Cucullu* has not caused the mortgage in favor of his minor children to be erased ; that it is still in force as to three out of the four children. But it is contended, on behalf of defendant in injunction, that *Walker* was bound to put *Cucullu* in default, and not having done so, cannot maintain an injunction on this ground ; or that he can, at most, only enjoin the executory process for the amount of the said mortgage of *Cucullu's* children, and not for the whole amount of his own debt for the price of the plantation.

Upon this branch of the case, we are of opinion that the erasure of the mortgage in favor of the minors *Cucullu* was a condition precedent to the collection of the note of *Walker* for the installment of the price of the plantation matured in December, 1858. The vendor expressly bound himself, as we have seen, to have said mortgage entirely erased within twelve months from the date of sale. It was not, therefore, incumbent on the vendee to put the vendor in default by a formal demand to erase that mortgage. But the existence of an encumbrance of about thirteen hundred dollars, which the vendor was bound to have removed, did not justify the postponement or suspension of the payment of a balance of $4,366 due upon the matured installment of the price of sale. And we should limit the injunction accordingly, were this all that the record presented in opposition to the enforcement of the payment of the price by the summary proceeding which the vendor has chosen to adopt.

IV. But we find that, on the trial of the injunction, the plaintiff offered in evidence the record from the Fourth District Court of New Orleans from which it appears that *Walker* instituted his action *quanti minoris* against *Cucullu* in a court of competent jurisdiction, and that issue was joined in said action by the answer of *Cucullu*, before the institution of the executory action by the latter in another court. It may be admitted that *Cucullu* was not bound to plead a reconvention in the first suit, and that he might institute a separate action for the enforcement of his mortgage in the parish where the land mortgaged was situated ; but it is nevertheless true, that the action *quanti minoris* went to the consideration of the mortgage note last sued upon, and to the partial rescission of the contract upon which that note was based. It is also true, that *Walker* will be entitled to be allowed any diminution of the price of sale which may be decreed in the action *quanti minoris*, in deduction of first installments of the price matured. Considering that it is impracticable to determine at this time, and in this proceeding, what the amount of such deduction may be ; and considering that the diminution of price claimed, would much more than absorb the amount of the executory demand, we think it just to perpetuate the present injunction, without prejudice to the eventual rights of the defendant in injunction.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the injunction herein issued be made perpetual, at the cost of defendant and appellee in both courts, without prejudice to the eventual rights of the defendant in injunction, under the contract mentioned in the petition.