No. 13,700.

MRS. LYDIA B. TAFT VS. PIERRE DONNES.

SYLLABUS.

The application of Article 739 of the Code of Practice is to be confined to the issuance of writs of injunction without bond. Under other articles of said Code, injunctions may issue, on bond, restraining the execution of writs of seizure and sale, for causes other than those enumerated in said Article 739.

APPEAL from the Civil District Court, Parish of Orleans— St. Paul, J.

*John T. Whitaker*, (*Ernest T. Florance*, of Counsel), for Plaintiff, Defendant in Injunction, Appellee.

*Paul Louis Fourchy*, for Defendant, Plaintiff in Injuction, Appellant.

The opinion of the court was delivered by MONROE, J.

On application for rehearing by BLANCHARD, J.

The opinion of the court was delivered by

MONROE, J. Plaintiff caused executory process to issue upon defendant's past due note, for nine thousand dollars, secured by mortgage and bearing interest at 8 per cent. per annum from maturity; and the property affected thereby had been seized and advertised for sale when the proceeding was arrested by an injunction, issued, at the instance of the defendant, on a bond of three hundred dollars, and on a petition, in which defendant alleges that said note and mortgage were obtained through fraud and without consideration; that the plaintiff is an interposed person, and that John T. Whittaker is the real holder of the note, and that he withheld nearly three thousand dollars, though now claiming the same, with interest; and there were some other allegatons, which have been abandoned.

Thereafter, a rule was taken, by the plaintiff in the seizure to dissolve the injunction, upon the ground that the allegations of the petition were insufficient and untrue, and that the bond was insufficient

and the surety not good. There seems to have been a hearing upon the matter of the bond and surety, as a result of which, another bond, of seven hundred dollars, was furnished, by order of the court; and another rule to the same effect as that already filed was then taken, which, after the hearing of evidence, was made absolute, and the injunction was dissolved; and from the judgment so rendered, the defendant (plaintiff in injunction) has appealed.

The evidence shows that the defendant owed a debt, amounting with interest, to five thousand five hundred dollars, secured by mortgage on the property in question, and for which said property had been seized, and that there was, also, a claim for eighteen hundred dollars, bearing interest at the rate of six per cent. from 1892, recorded against said property in favor of the Rosetta Gravel and Paving Company; that Octave Gomez, representing the defendant, applied to John T. Whittaker for a loan of $9000.00, and that the latter agreed to make it, on condition that a sufficient proportion of that amount should remain in his hands to cover the claim of the paving company, which the defendant was to settle, compromise, or litigate, as he thought best. It further appears that Whittaker advanced the fifty-five hundred dollars necessary to satisfy the pre-existing mortgage; that he paid four hundred and thirty-five dollars to the notary, and two hundred and seventy-five dollars to Mr. Suthon, and retained ninety dollars, as a commission to himself, and two thousand seven hundred dollars, to meet the claim of the paving company; and it, also, appears that he was acting for the plaintiff in the matter, although that fact was not made known to the defendant, who dealt with him in the belief that he was acting for himself.

As to the amounts paid to the prior mortgage, to the notary, and to Mr. Suthon, there is no dispute, but it is admitted that no part of the twenty-seven hundred dollars reserved for the paving claim has been paid, not by reason of any default or unwillingness on Whittaker's part, but because defendant has not been willing that said claim should be settled or compromised on any terms that have been proposed. It is also admitted that the ninety dollars retained by Whittaker as his commission, is still so retained, although it appears that a like amount was paid from the proceeds of the mortgage, as a commission to Octave Gomez, who acted as the representative of the defendant in the transaction.

The writ under which the property was about to be sold directs that

out of the proceeds of the sale the sheriff shall "pay and satisfy the plaintiffs claim—the sum of nine thousand dollars ($9000.00), with 8 per cent. interest from the 26th of April, 1899, 10 per cent. attorney's fees, on the amount herein sued for," and costs.

But, it is clear that in the nine thousand dollars, thus referred to. there is included, at least, twenty-seven hundred dollars which the plaintiff already has in her possession, and which she is not, therefore, entitled to recover from the proceeds of the sale of the defendant's property. Nor is she entitled to recover attorney's fees on that amount; and whether she is entitled to interest, depends upon whether, under the agreement between the defendant and herself, she has actually been deprived of the use of the money. Upon what theory the plaintiff's representative charges the defendant with the commission, of ninety dollars, the facts disclosed in the record do not enable us to say, and we think that, in order that the defendant may be fully heard upon the subject, and in order that there may be further inquiry into the question, whether the plaintiff has actually been deprived of the use of the twenty-seven hundred dollars, which, though retained by her, is, nevertheless, included in the nine thousand dollars called for by the writ under which defendant's property has been seized, the case should be tried upon its merits, and the injunction, eventually, dissolved, with respect, only, to so much of the debt claimed as may be found to be due, after such trial. The position assumed by the plaintiff's counsel, in so far as they claim that John T. Whittaker was the "joint depositary, without compensation," of the plaintiff, the defendant, and the paving company, is at variance with the facts and, untenable. Mr. Whittaker acted throughout the whole transaction in his own name, and the defendant believed, and was justified in believing, that he was acting for himself, and that, in loaning his money he simply retained, out of the whole amount for which the note and mortgage were given, a sum (the exact amount of which was not made known to the defendant) sufficient to protect himself, with respect to the amount actually advanced, against an apparent prior lien on the property mortgaged which the defendant desired to contest. The paving company was not a party to the transaction, and we do not understand that he incurred any liability in its favor. It now turns out that he was acting as the agent for an undisclosed principal. But that circumstance in no wise alters the situation to the prejudice of the defendant, nor does it change his *status* from that of an agent, who, on behalf of his principal, has

taken a note and mortgage for twenty-seven hundred dollars more than he advances, with the understanding that he is to apply the sum so retained, if, and when, called upon by the borrower, to the extinguishment of a prior lien on the property mortgaged, into a "joint depository, without compensation," representing, alike, the lender, the borrower, and the beneficiary of the lien. The charge of fraud is entirely without support; but the defendant has shown that he has rights which are in danger of being overlooked, and the injunction sued out by him should be maintained until they are adjudicated upon. It is true that the other averments, upon the basis of which said injunction issued, do not fall strictly within Article 739 of the Code of Practice, and the learned counsel call our attention to the case of Dupre vs. Anderson, 45 Ann. 1134, in which it was held that executory process can be injoined only upon one, or more, of the grounds specified in that article. Prior to the rendition of that judgment, however, and since, it had, and has, been the uniform jurisprudence of this court that the article relied on applies only to cases in which injunctions issue without bond; and, after an examination of the adjudged cases, we feel constrained to adhere to that jurisprudence. In Johnson vs. Hickey, 4 La. 285, the question was distinctly raised, that the grounds upon which the injunction issued were not within said article, but the injunction was, nevertheless, sustained, Martin, J., being the organ of the court. In Sewell and Husband vs. Cox, 10 R. 68, it was again distinctly presented, and, in this instance, distinctly adjudicated. The court, referring to the averment, upon the basis of which the injunction had issued, and to the contention that it did not come within the provisions of Article 739, C. P., said: "Taking the allegations as true on the face of the petition, the obligation might perhaps be considered as one of those which, having been obtained by unlawful means, are provided for in the 6th paragraph of the article relied on. But here the injunction was applied for according to the rules pointed out by Sec. 5, Sec. 4, Chap. 2, Art. 1, of the Code of Practice, from Articles 296 to 309, among which Art. 303 provides for the granting of injunctions in all cases in which it is necessary to preserve the property in dispute during the pendency of the action, and to prevent one of the parties from doing any act injurious to the other; and the plaintiff, Mary, gave a bond, accordingly, whilst such bond is not required by Article 740 of the Code of Practice. It was clearly necessary, under the issues set up by the said plaintiff, that her slaves should not be sold; and we

think that the reasons stated in her petition were sufficient to authorize the granting of the injunction, which the court *a qua* properly refused to dissolve until the trial of the case upon the merits."

In Calhoun vs. Mechanics and Traders Bank, 30 Ann. 785, Egan, J., in a concurring opinion, said: "The enumeration of causes for injunction in the article" (referring to Art. 739 C. P.) refers, however, only, to the injunction without bond, provided for in the proceding Article, 438," (738 being intended) "and by no means narrows or restricts the general provisions of the law authorizing any injunction for any legal cause under that head in the Code of Practice."

In Berens vs. Executor of Boutte, 31 Ann. 113, Manning, C. J, referring to the grounds for injunction as provided in said article 739, used this language, to-wit: "If the debtor seeks to arrest the sale of his property for one or more of the specified reasons, upon alleging which, under oath, the judge will not require security, he must confine himself to those reasons if he wishes to avail himself of that privilege. If he prefers to strengthen his claim to relief by adding other reasons, there can be no objection to this cumulation of grounds for injunction, but he must give bond and surety as required under other provisions of the law regulating the issuing of those writs." And the doctrine as enunciated and recognized in the cases thus cited, has been accepted and acted on in the following and, probably, many other cases. Barrow vs. Cazeaux, 5 La. 75; Greenwall vs. Roberts, 7 La. 65; Jenkins vs. Felton, 9 R. 200; Chambliss vs. Atchison, 2 Ann. 491; Brooks vs. Walker, 3 Ann. 150; State *ex rel.* Gay vs. Judge, 27 Ann. 213; Walker vs. Cucullu, 15 Ann. 689; Gughliehmi vs. Geismar, 46 Ann. 280; and Same vs. Same, 47 Ann. 147.

In the case at bar the defendant gave bond, originally, and, subsequently, gave another bond, for a larger amount. It does not appear, therefore, that he was proceeding exclusively, under Article 739 of the Code of Practice.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this case be remanded and tried upon its merits; and that the injunction be maintained pending such trial; the costs of the appeal to be borne by the appellee, and those of the lower court to await final judgment.

## On Application for Rehearing.

BLANCHARD, J. Defendant's injunction of the order of seizure and

sale was based on three grounds:—(1) That the plaintiff was interposed person without interest in the mortgage note and in the suit upon it; (2) that a sum approximating $3000.00, which, while included in the notes, was actually withheld from defendant at the time the contract of loan was consumated and the note and mortgage executed; (3) that the note was obtained by fraud and without valid consideration.

The motion to dissolve put at issue all these averments. It charged the injunction improvidently issued because the allegations of the petition for injunction are false, and because the same are insufficient to justify the writ.

This plea, called a motion to dissolve, was really an answer to the merits of the petition for injunction and should have been so styled.

Evidence was adduced and trial had as fully as though the cause was being tried upon its merits.

This being so, it is now considered that final determination upon the merits of the controversy may be had, and, thus, further litigation obviated, further delay in that portion of the debt justly due prevented, and further consumption of the time of the litigants and of the court avoided.

In the opinion of this court, handed down, it was held that the sum of $2700.00, of the $9000.00 loan, was shown by the evidence not to have been received by the defendant, Donnes, nor to have been paid out for his account, and that the further sum of $90.00 claimed as commissions by plaintiff's agent, should not have been deducted from the amount representing the loan to the defendant.

To the extent of these two sums, as credits to be placed on the mortgage note as of date April 26, 1899, it was thought the case for injunction had been made out in favor of the debtor, but not made out in respect to other issues raised.

In her application for rehearing the plaintiff (Mrs. Taft) asks final determination of the case, even to the extent of consenting that the sums mentioned be entered as credits on the note, should the court finally conclude such credits are allowable.

Inasmuch as defendant could gain nothing further than this by a second trial of the cause below on its merits, *except time,* and inasmuch as the giving of time to debtors is not considered by courts in matters such as that here presented, it is ordered that the decree heretofore handed down herein by this court be set aside, and it is now adjudged

Succession of Sinnot vs. Bank et als.

and decreed that the judgment appealed from, dissolving the injunction which issued in this case, be affirmed in so far as it allows the writ of seizure and sale to proceed for the sum of six thousand, two hundred and ten dollars, with interest at the rate of 8 per cent. per annum from April 26, 1899, and 10 per cent. attorney's fees on the aggregate of said principal and interest—which said sum of $6210.00 is declared to be the total amount of the loan made by plaintiff to defendant on April 26, 1899, and secured by mortgage of that date.

It is further ordered, adjudged and decreed that in respect to the sum of two thousand seven hundred and ninety dollars of the said loan, together with interest and attorney's fees thereon; the judgment of the court a qua be avoided and reversed, and as to said amount and interest and fees the injunction be made perpetual—costs of both courts in so far as the injunction proceedings are concerned to be borne by the plaintiff (Mrs. Taft); those of the executory process by defendant (Donnes).

Rehearing refused.