No. 9698.
Orleans Appeal.

---

UNITED MOTOR CAR CO., INC., v. EDWARD T. DRUMM, Appellant.

---

(February 16, 1925, Opinion and Decree.)
(Rehearing Granted.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Executory Process—Par. 56.**

Where an order of seizure and sale is enjoined upon one of the grounds mentioned in C. P. 739, other causes for injunction may be cumulated but only such grounds will be considered as are mentioned in C. P. 739, unless bond is furnished by plaintiff in injunction, because an injunction restraining executory process can only issue without bond for one of the reasons mentioned in the article referred to.

Appeal from Civil District Court for the Parish of Orleans, Hon. Percy Saint, Judge presiding.

This is an injunction suit enjoining executory process. The injunction was dis-

solved with attorney's fees as damages. Mandamus is issued herein commanding respondent judge to grant relator a suspensive appeal.

M. R. DeReyna, Carbajal & Gaudin, attorneys for plaintiff and appellee.

Puneky & Barrios, attorneys for defendant and appellant.

WESTERFIELD, J. Edward T. Drumm, whom we shall hereafter call plaintiff, appeals from a judgment dissolving an injunction obtained by him without bond under Art. 739 C. P., restraining executory process sued out by the United Motor Car Co., Inc., which we shall hereafter call defendant.

The grounds upon which the injunction was applied for were that the notes sued on were obtained by fraud; that "the chattel mortgage was not executed in conformity with law because there is a want of authentic evidence, especially as relates to the signatures of the subscribing witnesses thereto affixed" and that the mortgage notes failed of consideration.

On the trial of the rule to dissolve the allegation of fraud was not sustained by the evidence.

Counsel for defendant insists that no other ground urged by plaintiff can be considered for the reason that fraud in obtaining the mortgage is the only cause referred to by plaintiff which is mentioned in C. P. 739 and that an order of seizure and sale can only be restrained for one of the reasons given in the said Article of the Code. He cites Dupre vs. Anderson, 45 La. Ann. 1134, 13 South. 743. This case clearly sustains counsel's contention, but it has been expressly overruled by the case of Taft vs. Donnes, 105 La. 699, 30 South. 112; also cited by defendant's counsel. However, Taft vs. Donnes, in deciding that an order of seizure and sale might be arrested upon grounds other than those enumerated in C. P. 739, also held that where other

cause for injunction are coupled with one or more of the causes mentioned in that article, bond must be given by plaintiff in injunction, before such other causes can be considered, since it is only for the reasons mentioned in that article that injunctions restraining executory process can issue without bond:

"In Calhoun vs. Mechanics and Traders Bank, 30 La. Ann. 785, Egan, J., in a concurring opinion, said: 'The enumeration of causes for injunction in the article' (referring to Art. 739 C. P.) 'refers, however, only to the injunction without bond, provided for in the preceding Article 438', (738 being intended) 'and by no means narrows or restricts the general provisions of the law authorizing any injunction for any legal cause under that head in the Code of Practice'."

"In Berens vs. Executor of Boutte, 31 La. Ann. 113, Manning, C. J., referring to the grounds for injunction as provided in said Article 739, used this language, to-wit: 'If the debtor seeks to arrest the sale of his property for one or more of the specified reasons, upon alleging which, under oath, the judge will not require security, he must confine himself to those reasons if he wishes to avail himself of that privilege. If he prefers to strengthen his claim to relief by adding other reasons, there can be no objection to this cumulation of grounds for injunction, but he must give bond and surety as required under other provisions of the law regulating the issuing of those writs.' And the doctrine as enunciated and recognized in the cases thus cited, has been accepted and acted on in the following, and, probably, many other cases. Barrow vs. Cazeaux, 5 La. 75; Greenwall vs. Roberts, 7 La. 65; Jenkins vs. Felton, 9 R. 200; Chambliss vs. Atchison, 2 La. Ann. 491; Brooks vs. Walker, 3 La. Ann. 150; State ex rel. Gay vs. Judge, 27 La. Ann. 213; Walker vs. Cucullu, 15 La. Ann. 689; Cughliehmi vs. Geismar, 46 La. Ann. 280, 14 South. 501; and Same vs. Same, 47 La. Ann. 147, 16 South. 742."

In the case before us, no bond was given by plaintiff and we find no evidence to sustain the injunction upon the ground of fraud. The other grounds urged cannot be considered, consequently, the judgment appealed from must be and it is affirmed.