Simon, J.
delivered the opinion of the court.
Defendant is appellant- from a judgment which makes him liable and condemns him to pay to the plaintiff, the sum of $1450, with interest, being the amount of a bill of exchange which, plaintiff alleges, having been sequestered before maturity, in the suit of Diggs, Hobson & Oo. against the present plaintiff, was taken and removed by said defendant from the bank where *350 it had been deposited for collection, and was held by Mm until after it was due and payable without making or causing to be made any demand of the [580] acceptor at the time of its maturity, whereby the drawers and indorsers were released from their liability.
Defendant denies his liability, and states that the act by which the plaintiff avers himself aggrieved was an official act of defendant’s, done and performed by the express order of the court; that in compliance with the writ of sequestration issued and put into his hands, he took the bill of exchange into his possession and safe keeping, to hold the same subject to the order of the court. That it was his duty to keep the same and not to let it go out of his said possession, and that he was not to know and could not be presumed to know that its worth and value would be either increased, diminished or lost from the commission or omission of any judicial process or other steps connected therewith, &c. He concludes by praying, that the same judgment which, in case the court should be of a different opinion, would he rendered against him, be rendered against the persons who have signed the sequestration bond, and that they he cited accordingly as his warrantors. There was judgment for the amount of the bill and interest against the defendant, and in his favor against his warrantors for the same amount; from which judgment, said defendant alone appealed.
The evidence shows that the hill of exchange, drawn on John B. Diggs by Pickett, Banks & Co., is dated the 17th of April, 1839, that it was made payable ninety days after date to the order of Keys & Roberts; that it was indorsed by the latter, by Diggs, Hobson & Co. and by plaintiff, and had been regularly accepted. That in conformity with a writ of sequestration issued in a suit instituted by the second indorsers against the plaintiff, the bill -in question, was, on the 5th of July ensuing, received by defendant’s deputy from the New Orleans Canal and Banking Company, where it had been deposited by plaintiff for collection, on the 27th of June preceding. It is not disputed that a judgment was subsequently rendered in favor of said plaintiff [5,81] decreeing the hill of exchange to he his property, and that therefor© he became fully entitled to recover the bill or the amount of its proceeds, if collected during the pendency of the suit. Several witnesses have been examined to show that the drawers and indorsers of the bill were good and solvent at the time of its maturity, and this fact'appears to have been satisfactorily established; it is also proven that the acceptor was insolvent when the testimony was given.
It is evident from the facts of the case, that the plaintiff, without any fault of his, has lost or been deprived of his recourse against the drawers and indorsers of the bill, and that he would vainly attempt a recovery from the acceptor. In this situation, he has thought proper to exercise his remedy against the sheriff, by a claim for damages; and the controversy in this case turns therefore entirely on the question whether the sheriff who is in possession of a bill of exchange under a writ of sequestration, is bound to take all the necessary steps which the law requires to fix the liability of the parties to the bill, so as to preserve its worth and value for the benefit of the successful party ?
*351 The appellant has endeavored to resist the plaintiff’s claim on the plea that being a judicial depository, one of his principal obligations was to re store the precise object which he received, La. Oode, art. 2915; that such object could not be restored or parted with before the decision of the suit; Id. art. 2946 ; and that until then, he was bound, according to the.terms of the writ, to keep the bill in his possession and to hold it subject to the further order of the court. He further urges that had he parted with the possession of said bill by delivering it to the acceptor, in case of payment at presentation, he would have been guilty of an act of disobedience to the positive order of the court. t
It seems to us that the defendant has grossly mistaken or misapprehended the nature, extent and importance of his obligations; and that his abundant caution and care to comply strictly with the literal and direct exprcs- [582] sions of the writ under which he was acting, has been carried to such a degree as to destroy the very object of the law. According to the art. 2908 of the La. Code, the depository is bound to use the same diligence in preserving the deposit, that he uses in preserving his own property: the same provision is contained in art. 2949, and the art. 283 of the Code of Practice, says in positive terms, that “ the sheriff.\ while he retains possession of sequestered property, is bound to take proper ca/re of the same, and to administer the same, if itbe of such nature as to admitof it, as a prudent father of a family administers his own affairs.” It is thus perfectly clear that the defendant was bound to use the same exertions in the preservation of the bill of exchange, as ho would have done for himself, and such diligence as would secure its recovery for the benefit of the party to whom it would be ultimately adjudged. The sheriff however intimates that he understood the law to mean that he should keep the bill carefully in his pocket-book, and that had it even been paid by the acceptor at maturity, he should have considered himself bound to refuse the money, so as to be able to produce the very same piece of property which had been intrusted to his official care. This is indeed a very strange defence, and if serious, such a construction of the law might often be very mischievous in its consequences ! It is true that sheriffs are sometimes placed in a very delicate situation; that the duties they have to perform frequently compel them to decide, at their peril, questions on which the best jurists would perhaps hesitate to pronounce positively; but the appellant must have known that if the defendant in sequestration had offered him his obligation with one good and solvent surety, for an amount determined by the court to be equal to the value of the property sequestered, such defendant would have been entitled to take the bill out of the sheriff’s possession, Oode of Practice, art. 279 ; he must have been aware that the importance and object of the sequestration was not in the preservation of a mere worthless piece of paper; [588] he must have understood that if, instead of representing the bill itself after the decision of the suit,1' he had produced its amount before the court, no one could have complained, as no injury being sustained, no blame could have been attached to his sparing tothg party the trouble of collecting said amount, and that consequently no responsibility on his part could have ever resulted from such act. The bill of exchange was nothing but the representative of a *352 sum of money, it was put in the possession of the shex'iff to prevent its being collected by the defendant in sequestration dux-ing the pendency of the action; and it is certainly obvious that in order to take proper care of it, as he would have done for himself, and to presex-ve its original value, the law made it his duty to have it presented for payment on the day of maturity, in order that, if not paid, such notice might be given to the drawers and indox’sers as would fix and secure their subsequent liability. Having not done so, the defendant has been the cause of the plaintiff’s sustaining a sei'ious injury, and we do not hesitate to say that he is answerable for his negligence in not complying with one of his principal obligations; and that in our opinion,_ the judge a quo did not err in giving judgment against him for the amount of the bill of exchange.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.