No. 3462

Second Circuit
(Second Division)

JONES v. ROBELINE GARAGE ET AL.

(June 11, 1931. Opinion and Decree.)

Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellant.

S. R. Thomas, of Natchitoches, attorney for defendants, appellees.

TALIAFERRO, J. Plaintiff seeks to recover judgment for $300 against J. W. Payne, sheriff of the parish of Natchitoches, the Robeline Garage, and the individual members thereof, and A. A. Pharis, in solido, on the following allegations of fact, viz:

That on January 27, 1927, said Robeline Garage filed suit against him on open account and sued out a writ of attachment on the ground that he was about to leave the state with intent to defraud his creditors, under which the sheriff seized his Ford truck; that two days later, pursuant to some sort of agreement and understanding between said sheriff and the seizing creditor, said truck was "turned over to one A. A. Pharis to be used by him"; that said Pharis has been using said truck daily for three months without any legal right or warrant in law; that the taking of said truck and delivering it to said Pharis to be used by him and his use thereof constituted an illegal and tortious act and a trespass upon the rights of petitioner; that the use of said truck for said period was worth the amount sued for.

Defendants interposed exception of no cause or right of action, which was sustained and plaintiff's suit dismissed. He appealed.

The reasons of the lower court for sustaining the exception do not appear in the record. In brief, plaintiff states that it was held by the trial judge that plaintiff's recourse was on the attachment bond. We quote the following from plaintiff's brief, which amplifies the petition and more clearly reveals the basis upon which he stands, viz.:

"The use of the truck while under seizure by Pharis with the consent of the seizing creditors and the sheriff of the parish of Natchitoches was an illegal and torti-ous act and a trespass upon the rights of petitioner; that the sheriff was by the law charged with the duty of preserving the truck against wanton neglect and abuse and was not permitted under the law of the state to permit seized property to be used for the profit of any individual."

There is no allegation in plaintiff's petition giving the history of the suit against him by the Robeline Garage, other than that such a suit was filed and the truck was attached. We are left to conjecture whether the suit was opposed by defendant (plaintiff here), or whether it was proven up on default, or whether it was tried at all. There is no allegation fixing the damage inflicted upon the truck while in the use of Pharis, nor the nature of the use to which he put the truck while in his possession. There is no allegation that the truck was sold under process of court and brought an amount less than it would have sold for had it not been subjected to the unlawful use of Pharis. The absence of allegations covering these points is fatal to the petition.

The law prescribing the sheriff's duty towards seized personal property is quite clear. Code Prac. art. 659. Article 662, Code Prac., prohibits the sheriff from leasing or hiring out personal property held by him under seizure unless by consent of both parties to the suit and the court. He is answerable on his official bond for any violation of this law, resulting in damages. Latiolais v. Citizens' Bank of La., 33 La. Ann. 1445.

"A sheriff is responsible to the owner for any damage resulting from his neglect to take proper care of property taken into his possession under an attachment." Whitton v. Jones, Sheriff, 2 La. Ann. 802; Parish v. Hozey, Sheriff, 17 La. 578.

Plaintiff argues that, if his suit is dismissed, the door is closed to him to hold

the sheriff responsible for allowing the truck to be. unlawfully used, and, inferentially, damaged while so used, as no action lies on the attachment bond to recover such damages. We agree with the argument that plaintiff's recourse is not on the attachment bond, but there is abundant law available to him to have. his rights judicially determined in another suit.

Judgment appealed from is hereby affirmed.