FRUGÉ, Judge.
This case is before us on an application for supervisory writs of certiorari, prohibition and mandamus.
George White purchased a new automobile from Pressley Motor Sales in Abbe-ville, Louisiana. He executed a note and chattel morgtage for part of the purchase price. The note and chattel mortgage were transferred to Commercial Credit Corp., of Lafayette, Louisiana. White fell behind in his monthly payments, alleging that the automobile contained many defects for which the vendor was responsible and the vendor refused to correct. Commercial Credit Corp. thereafter brought executory proceedings and caused the vehicle to be seized. White then filed a petition for an injunction to arrest the seizure and sale under executory process, contending that authentic evidence to support every link in the necessary chain of title was not complied with and therefore the executory proceeding was absolutely null and void. White also prayed for damages sustained as a result of the seizure.
The district court issued a temporary restraining order enjoining the sale of the automobile under the writ of seizure and sale. However, on the trial of the preliminary injunction, the district judge concluded that the mortgage and note were in duly authenticated form. He therefore ordered the temporary restraining- order dissolved, rejected White’s prayer for a preliminary injunction, and authorized the sheriff to continue with the advertisement and sale of the automobile under the ex-ecutory proceeding. From this judgment White prays that this court issue supervisory writs, contending that he will suffer irreparable injury as a result of the judgment of the district court.
The act of mortgage in question is not an authentic act executed before a notary and two witnesses. It is an act Under private signature duly acknowledged; that is, the mortgage was signed by the vendor *745 and vendee in the presence of two witnesses and these witnesses went before a notary public and swore that they witnessed the signing of the act of mortgage.
White’s contention is that executory process is not available here because the act of mortgage is not in authentic form. He contends that to satisfy the requirements for executory process the mortgage must be in authentic form in accordance with Article 2234 of the LSA-Civil Code. That article defines an authentic act as one executed before a notary in the presence of two witnesses.
LSA-Code of Civil Procedure, Article 2635 provides in part that “[t]he plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege.” But an exception to this rule is provided in LSA-R.S. 32:710 (K) which provides that “[a]ll laws and rules and all remedies and processes, in-eluding executory process under confessions of judgment as well as proceedings via ordinaria, now or hereafter made available to creditors for the protection or enforcement of their rights under mortgages affecting immovables are available to creditors of obligations secured by mortgages affecting vehicles, whether evidenced by authentic acts or by acts under private signature duly acknowledged.”
Thus, when one seeks to enforce his rights under the mortgage of a motor vehicle by executory process, it is not necessary that the act of mortgage be executed by authentic act before a notary and two witnesses as required by Article 2234 of the LSA-Civil Code. The law specifically states that when mortgages of motor vehicles are involved it suffices for executory process that the act be by authentic act or by an act under private signature duly acknowledged. In the case before us the act was one under private signature duly acknowledged and, as evidenced by the above authorities, fulfills the requirements for executory process under the law.
"White also argues invalidity of the act of mortgage because the names of the witnesses did not appear on the front side of the mortgage above their signatures. He also argues invalidity on the grounds-that the date of the dealer assignment is-not shown on the instrument. He also* objects to the act because the notary did! not enter the date on which he executed the instrument nor did he state that he was a notary for a particular parish in Louisiana. LSA-R.S. 32:710 sets forth certain requirements that must be done in executing a chattel mortgage on a motor vehicle. None of the above are listed in these requirements. We must therefore conclude that although in the interest of completeness these things should have been included in the act of mortgage, they are not sacramental to its validity. All of the necessary requirements are set forth-in the act of mortgage in this case.
For the foregoing reasons the application for supervisory writs is denied.