CULPEPPER, Judge.
This is a companion to an appeal with the same title but bearing Number 2206 on the docket of this court, and in which a separate judgment is rendered by us this date, 205 So.2d 821.
An explanation of the parties litigant in this appeal starts with Civil Actions 24899 and 24900 on the docket of the Fifteenth Judicial District Court for the Parish of Vermillion. These were suits by John B. Talley and J. B. Talley Company, Inc. against M. T. Bradley and M. T. Bradley & Sons in which writs of sequestration were issued to Elin Pitre, Sheriff of Evangeline Parish, to seize and take into his possession certain valuable road construction equipment located in Evangeline Parish. Sheriff Pitre then appointed Oscar Sylvester, Jr., as keeper. Sylvester moved the equipment to Ville Platte and stored it.
The two suits in Vermillion Parish were eventually compromised and dismissed, and Sheriff Pitre was ordered to release the equipment to John B. Talley, etc. Sheriff Pitre then submitted'to the clerk of court of Vermillion Parish his statement for services, returns, etc., in the sum of $19, and Mr. Sylvester’s charges as keeper, in the sum of $2,304.18. The sheriff’s fees in the sum of $19 were paid, but John B. Talley, etc. refused to pay the keeper’s charges.
Sheriff Pitre and Mr. Sylvester then joined as plaintiffs and filed a “Rule to Show Cause Why Costs and Attorney’s Fees Should Not Be Paid to Plaintiffs” in the two original suits in Vermillion Parish, naming as defendants in the rule John B. Talley, J. B. Talley Company, Inc., and The Employers Liability Assurance Corporation, Ltd., the latter being the surety on the bond of the first two. The rule seeks judgment against the said defendants, John B. Talley, etc. for the charges of Mr. Sylvester as keeper.
After a trial on' the merits, the district judge ordered payment of these keeper’s charges to Sheriff Pitre. Oscar Sylvester, Jr. was held to be an improper party plaintiff and his suit was dismissed. The defendant appealed.[1]
The defendants’ first contention is that under LSA-R.S. 33:1428, as amended by Act 283 of 1964, sheriffs in Louisiana no longer have any statutory authority whatsoever to charge for keeping personal property under seizure. Defendants argue that sheriffs now simply have to perform these services without charge. They say their position is supported by the legislative history of the applicable statute;
Louisiana Revised Statutes of 1950 provided in 33:1428 that sheriffs, except in the Parish of Orleans, are entitled to no more than certain specified fees of $1, $2, etc. for making services, seizures, etc. As to charges for keeping personal property seized by J:he sheriff, this statute provided: “For keeping personal property under attachment or otherwise legally in the hands of the sheriff, to be fixed by the court after notice to the parties or their attorneys of record to the suit.”
Act 256 of 1952 amended LSA-R.S. 33:1428 so as to increase some of the fees for sheriffs and it retained the above quoted provision as to charges for keeping personal property.
*820 In 1960 our new Louisana Code of Civil Procedure was adopted, in which LSA-C.C. P. Article 329 provides as follows:
“The sheriff may make all necessary disbursements for the protection, preservation, and administration of property under seizure, which shall be taxed as costs of the seizure.”
Then followed Act ■ 283 of ’ 1964, which amended LSA-R.S. 33:1428 so as to increase certain fees allowed to the sheriff, but this amendment omitted entirely the above quoted provisions with reference to charges “For keeping personal property ‡ ‡ >?
Defendants argue that since the 1964 amendment is the latest expression of our legislature on the subject of fees of sheriffs and this amendment has omitted any provisions for charges for keeping personal property, the sheriffs can no longer make such charges. This argument has no merit. We think it is obvious that the reason for the omission of such provisions from the 1964 amendment to LSA-R.S. 33:1428 is that LSA-C.C.P. Article 329, adopted in 1960, adequately provides for such charges. It is also noteworthy that Article 329 allows the sheriff to make “all necessary disbursements for the protection, preservation * * * ” of the property without the necessity of first having the court fix the proper amount of these charges. Of course, LSA-C.C.P. Article 329 allows only ■“necessary disbursements” and the question of whether the charges are necessary is subject to review by the courts after they have been made. '
In the alternative, defendants contend the charges made by Mr. Sylvester are excessive. The sheriff is required by law to take actual possession of all movable property seized, to move it to a place of safekeeping and to safeguard, protect and preserve it. For such purposes he is expressly authorized to appoint a keeper. LSA-C.C.P. Article 326; Bickham Motors, Inc. v. Crain, La.App., 185 So.2d 271.
In compliance with these duties imposed on him by law, Sheriff Pitre appointed Oscar Sylvester, Jr., the only man in the area with the necessary equipment and experience to move and store this valuable road building equipment, which consisted of the following: Three large rubber tired caterpillar tractors with scrapers, each weighing 45,000 pounds and valued at about $40,000 each; one large caterpillar motor grader weighing 25,000 pounds; one large rice tractor; one International winch truck with gin poles; and one steel tool house. At the time of its seizure, this equipment was located on a construction site about 13 miles from Ville Platte. Mr. Sylvester testified that the motors had apparently been idle for some time and would not start, so he had to winch the equipment onto low-boy trailers and haul it to Ville Platte. The evidence shows that his charges for moving this equipment, 230 per 100 pounds, is the standard tariff in the area.
Defendants contend the machines could have been started and simply driven to Ville Platte at much less expense. But, we agree with the trial judge that the evidence does not prove this. The facts show that when defendants themselves finally moved the equipment from Ville Platte they also hauled it away on low-boy trailers.
With reference to storage, Mr. Sylvester had to safeguard and preserve this property for 264 days. He charged $1.50 per day for each of the three large rubber tired caterpillar tractors with scrapers; $1 per day for the large caterpillar grader; and 500 per day for each of the other items of equipment. The evidence shows that the standard charge for storing automobiles in the area is 500 per day. We think the charges made by Mr. Sylvester are reasonable. Certainly it has not been shown that they were unnecessary, within the meaning of LSA-C.C.P. Article 329. It was necessary for him to have someone guarding the equipment at all times. He had to drain the radiators for protection against freezing. Generally, he had a substantial responsi *821 bility with reference to this very valuable equipment. The charges were not excessive.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. Counsel have not raised the issue, but the record before us is not clear as to why two separate appeals were taken. Identical judgments casting defendants for $2,304.13 were filed in each of the two original suits; but it is our understanding, from the arguments and briefs of counsel, that Sheriff Pitre and Mr. Sylvester claim only one such amount. We mention this because the partial record lodged in this court for appellate purposes does not make it perfectly clear why two judgments were signed and two appeals taken. We wish to make it clear that defendants are liable for- only the total sum of $2,304.13 as keeper’s charges.