[, COOKS, Judge.
Barbara Eissman requested that Byles Welding & Tractor inspect various equipment owned by the Estate of Lee Eissman (the father of Barbara) to determine if the equipment could be repaired and sold to generate income for the estate. Clauriste Byles, the president and manager of Byles Welding & Tractor, in the past had performed work for Lee Eissman. Byles testified he told Barbara Eissman he would take the equipment, treat it as his own, work on it when he could, sell it, and send her the profits after deducting the repair costs. One piece of equipment, a TD8 bulldozer, needed extensive repairs; with Ms. Eissman’s permission, the work was performed. Ms. Eissman assured Mr. Byles that upon delivery of the bulldozer she would pay the cost of repairs. When the bulldozer was delivered, Ms. Eissman informed Mr. Byles that she had mailed a *917 check for the full amount of the repairs. Mr. Byles never received the check. In response, Ms. Eissman stated when she actually examined the bill, she discovered it included charges for overhaul repairs she 12had not authorized.
Byles filed a Petition for Writ of Sequestration and requested seizure of the tractor to protect his alleged privileged interest in it for the work he performed. A Seizure Notice was filed into the record on October 31, 1997, and it recited that Frank Howard, Sheriff of Vernon Parish, had taken into his possession by Amended Writ of Sequestration a Massey Ferguson 40B Tractor, with a notation that the property was seized and stored by Byles on November 6, 1997. Two other Notices of Seizure were subsequently filed into the record with the Sheriff stating he seized an International Harvester Bulldozer and an 1155 Massey Ferguson Tractor, which also were stored by Byles.
Suit to recover the costs of repairs, contractual interest and attorneys fees was instituted by Byles Welding & Tractor. The trial court rendered judgment, finding the Eissmans owed the costs of repairs related to the tractor only, plus legal interest and court costs. All other claims for relief were denied. The Eissmans paid the court costs and tendered the amount reflected in the judgment with legal interest to Byles. Byles refused to accept the payment because it did not include storage fees. The Eissmans then deposited the award into the registry of the court. Byles Welding & Tractor filed a Rule for Interest and Award of Storage Fees. The Eissmans did not appeal the ruling of the trial court ordering them to pay the noted repair costs, and that judgment became final. After a hearing on the rule for storage fees, the trial court awarded the company $16,000.00 for storage charges. The Eissmans filed this appeal, contending the trial court erred in awarding storage fees to the company for the following reasons:
1. Byles was not the proper party to bring a rule for storage fees under La. R.S. 33:1428, which provides only for the sheriff, not third parties, to assess storage fees.
2. Byles is barred by res judicata or the “law of the case” from seeking 13additional storage fees after final adjudication of the merits.
3. Awarding storage fees was an abuse of discretion by the trial court under the circumstances.
ANALYSIS
The Eissmans contend the trial court erred in awarding storage fees because Byles Welding and Tractor was not the proper party to bring a rule for storage fees. They argue La.R.S. 33:1428 only authorizes the sheriff, not a third party, to bring suit to collect storage fees.
The company relies on the case of Pitre v. Talley, 205 So.2d 818 (La.App. 3 Cir. 1967), writ refused, 251 La. 1030, 208 So.2d 317 (1968), and asserts it too has standing to demand storage fees on seized equipment and to pursue a claim against the Eissmans for payment of such fees. In Pitre, we stated:
The sheriff is required by law to take actual possession of all movable property seized, to move it to a place of safekeeping and to safeguard, protect and preserve it. For such purposes he is expressly authorized to appoint a keeper. LSA-C.C.P. Article 326; Bickham Motors, Inc. v. Crain, La.App., 185 So.2d 271.
Id. at 820.
Byles Welding & Tractor argues its role was that of a keeper whom the Sheriff is expressly authorized to appoint; and, thus, it is entitled to assert the storage fee claim either on the Sheriffs behalf or in its own right. In Pitre, writs of sequestration were issued to Elin Pitre, the Sheriff of Evangeline Parish, to seize and take into his possession certain road construction equipment. Sheriff Pitre then appointed
*918 Oscar Sylvester as keeper. Sylvester moved the equipment and stored it. Sheriff Pitre was eventually ordered to release the equipment to its owner, John Talley. Sheriff Pitre then submitted to the clerk of court his statement for services, in the sum of $19.00, and Mr. Sylvester’s charges as keeper, in the sum of $2,304.18. The Sheriffs fees of $19.00 were paid, but Talley refused to pay the keeper’s charges. Sheriff Pitre and RMr. Sylvester then joined as plaintiffs and filed a rule against Talley for the charges of Mr. Sylvester as keeper. After a trial on the merits, the trial court ordered payment of the keeper’s charges to Sheriff Pitre. Mr. Sylvester’s independent claim for the fees was dismissed. The court found he was not the proper party statutorily authorized to bring an action to collect the storage fees. This court affirmed in all respects the judgment of the district court.
We find the Pitre holding disposi-tive in this instance. Byles Welding & Tractor was not the proper party to bring a rule for storage fees. La.R.S. 33:1428 authorizes only the sheriff to assess fees for the preservation of seized property. The statute does not provide for third parties to charge a fee for storage, though the Sheriff may appoint them as keepers. La.Code Civ.P. art. 326.
Byles within its brief asserts the trial court manifestly erred in not awarding contractual interest instead of judicial interest; in finding the suit was in negotio-rum gestio rather than a suit on open account; and in failing to award attorney’s fees. However, the company neither appealed the prior ruling nor answered the present appeal of the Eissmans. Therefore, we will not consider this argument. La.Code Civ.P. art. 2133.
DECREE
For the foregoing reasons, the judgment of the trial- court awarding storage fees is reversed. All costs of this appeal are assesses to appellee, Byles Welding & Tractor.
REVERSED.